The Court

put sundry questions to him, in order to ascertain the measure of his understanding and moral sense, to most of which he gave rational and pertinent answers.
The Court then observed that the ancient rule of the common law was, that no witness should be sworn who was under nine years of age; but, by later opinions, and the settled law at present, if an infant appear, on examination by the court, to possess a sufficient sense of the wickedness and danger of false swearing, he may be sworn, although of never so tender an age. (a) The credit of the witness, which is greatly impaired by his age, is to be judged of by the jury from the manner of his testifying, and other circumstances. The witness was sworn. (1)
Ashmun and Hulbert for the prisoner.

 [By such capability must be understood a belief in God, or in a future state oí rewards and punishments, from which the court may be satisfied that the witness entertains a proper sense of the danger and impiety of falsehood. — Russ. 2d ed. vol. i. p. 565. — White's case, 1 Leach, 430, 431. — Whatever be its age, it cannot be examined without being sworn.—2 Russ. 590. — Whether the infant be competent or not, is a question for the discretion of the court. — 2 Stark. Ev. 393. — There is no difference in respect of the competency of children between capital cases and misdemeanors. —2 Russ. 590.— Rex vs. Traver, 2 Str. 700. — Where the child has appeared not sufficiently to understand the nature and obligation of an oath, judges have often thought it necessary, for the purposes of justice, to put off the trial of a prisoner, directing that the child, in the mean time, should be properly instructed. — 2 Russ 590. — Ed.]

X) See 2 East's C. L. 973.