Thayer
v.
Brewer.

----

## SAMUEL S. STOWERS versus JAMES BARNARD.

The English statutes of 2 Geo. 2, c. 22, and 8 Geo. 2, c. 24, in relation to set-off, nave not been adopted in this commonwealth.
Under the St. 1784, c. 28, § 12, and St. 1793, c. 75, § 4, a claim reduced to a judgment cannot be filed in set-off, it not coming within the description of demands allowed to be so filed by those statutes. [Altered by Revised Stat. c. 96, § 2.]

THIS was assumpsit on a promissory note for the sum of $300, dated November 11, 1828, signed by the defendant, payable to James Stowers or order, on demand, and indorsed by him to the plaintiff, without recourse ; and on an account annexed to the writ.

The defendant filed in set-off an account in favor of the defendant against James Stowers, the payee, amounting to the sum of $2076·21.

At the trial, before Wilde J., the defendant offered to prove that the note in suit was indorsed to the plaintiff long after it became due, and that the items in the account filed in set-off were of a date previous to such indorsement, or at least before notice thereof was given to the defendant ; and for the purpose of proving the account in set-off, he also offered in evidence a judgment recovered in the Court of Common Pleas, in an action commenced against the defendant, on the same day as the present action, by James Stowers, in which action the same account was filed in set-off, and

19 *

Stowers
*v.*
Barnard.

judgment rendered thereon in favor of the defendant for $307·93, damages, and $82·28, costs.

To this evidence the plaintiff objected, and the objection was sustained by the judge, upon the ground, that the account filed in set-off in this action had passed into a judgment, and was merged therein. The defendant excepted to this ruling

The jury returned a verdict for the plaintiff.

*March* 14*th*      *Rand* and *Fiske*, for the defendant, cited *Sargent* v. *South gate*, 5 Pick. 312 ; *Baskerville* v. *Brown*, 2 Burr. 1229.

*Ward*, for the plaintiffs, cited *Jaques* v. *Withy*, 1 T. R. 567.

*March* 24*th.*      SHAW C. J. delivered the opinion of the Court. In this case an account was filed in set-off of a demand held by the defendant, against James Stowers, the promisee and indorser, on the ground that the note was indorsed to the plaintiff after it became due, and so that the defendant had a right to make the same defence against the note sued by the indorsee, as he could have made, had the suit been commenced in the name of the promisee. On the authority of *Sargent* v. *Southgate*, 5 Pick. 312, such defence is admissible.

But it further appears, that in another suit against the defendant by James Stowers, the same account had been filed ; and that judgment had been rendered upon it in favor of the defendant. It being objected that this judgment against James Stowers, could not be given in evidence by way of set-off in this action, the objection was sustained at nisi prius, and the evidence was rejected ; and to this decision the defendant excepted.

The Court are of opinion, that the decision was correct. It is a well-settled rule of law, that an account or simple contract debt, becomes merged in a judgment, and that the judgment becomes itself evidence of debt, and is the foundation of a new cause of action. It follows as a necessary consequence, that such a count, or simple contract, can itself be no longer a cause of action or set-off. Otherwise the party indebted would be liable to be twice charged for the same debt.

Besides, it would be impracticable to show the identity of the account filed, with the judgment now offered in proof. The character of the security is so far legally changed by the judgment, that they cease to be identical.

As a judgment, it could not be given in evidence by way of set-off, for two reasons : 1. Because it was not filed, pursuant to the statutes ; and 2. It was not such species of security, as our statutes upon that subject allow to operate as a set-off.

If the defendant would have avoided this consequence, he should have taken care not to have proceeded to judgment upon the account until after the trial of this cause.

If he was so placed, that he could not avoid going to judgment on this account, then he was placed in the situation of many other defendants, having valid and liquidated demands against the plaintiffs by whom they are sued, on bonds, judgments and specialties, and yet where they cannot avail themselves of such demands by way of set-off. The reason is, that this defence is given by statute, and is held to extend only to cases provided for by statute, and this class of claims, though of the highest order of security, is not 'included in the class of claims allowed to be set-off under the limited provisions of our statutes. It is to be considered, that set-off is not a general ground of defence, extending to *every* species of counter claim. It is given by statute in certain cases, and it is limited to those cases. The English statutes of 2 *Geo.* 2, *c.* 22, and 8 *Geo.* 2, *c.* 24, in regard to mutual debts, are not considered as having been adopted in this commonwealth. Here the right depends upon *St.* 1784, *c.* 28, § 12, and *St.* 1793, *c.* 75. The former merely provided for the defendant's filing " any account he hath." The other is more éxpress, and provides, that in any action brought for any debt, upon simple contract or promise in writing not under seal, the defendant may give in evidence his demands against the plaintiff for goods sold and delivered, moneys paid, or services done.

The provincial statutes of 6 *Geo.* 2, Anc. Chart. 488, and 16 *Geo.* 2, Anc. Chart. 539, are nearly in the same terms.

It seems certainly somewhat remarkable, that a provision of this kind, founded upon equitable principles, and intended to prevent circuity of action, should exclude demands for settled and liquidated debts, as those due on judgment or specialty, and extend so as to embrace unliquidated demanas

for goods and services. Possibly it may be accounted for upon the hypothesis, that when the provincial acts of 6 *Geo.* 2, and 16 *Geo.* 2, respectively, were passed, it was understood, that the English statutes, then recently enacted, would be extended to this province, without reënactment, as statutes made in amendment of the common law, and that the provincial acts were intended to extend the principle of this equitable remedy, to cases of services done, and goods sold, though technically they were for unliquidated damages, because from habit and experience it was well known that the damages in such cases, are settled upon fixed principles, and might be easily settled by a jury, and that practically there was no difference between liquidated and unliquidated damages, in this respect, and that the one might be as well given in evidence as the other.

Taken in this view, they would have constituted a system entire and complete. The English statutes comprehended judgments, specialties, and liquidated debts ; and the provincial would have extended the principle to debts due for goods sold, and services done, species of debts of most frequent occurrence in this country. But whatever may have been understood by the makers of the provincial statutes, it seems quite clear, that the English statutes were not adopted, and it is equally clear, that the statutes of 1784 and 1793, substantially followed the provincial statutes ; and the consequence is, that whilst demands for unliquidated damages, may be proved in set-off, the highest classes of debts cannot be so proved.

Still the statute has received a liberal construction, as far as construction was admissible, to carry into effect the purposes of the act. It has been held, that a demand for board, lodging and washing, was included within the description of goods sold, and services performed. But in the same case, it was considered, that a specific demand for rent could not be so included. *Witter* v. *Witter,* 10 Mass. R. 225. So, it has been held, that under the description of " moneys paid," may be included an account for moneys had and received, which, of course, will include promissory notes, which may be given in evidence on an account for money had and received. *Truesdell* v. *Wallis,* 4 Pick. 63.

Still it has been considered, that the privilege extends only to those cases, which iñ plain terms or by reasonable construction come within the species of demands described in the statute, and does not extend to debts generally.

By the provisions of the Revised Statutes, the right of set-off is essentially altered and enlarged, and extends to judgments, specialties and liquidated debts. Revised Statutes, c. 96, § 2, 3.

The case of *Baskerville* v. *Brown*, 2 Burr. 1229, turned upon the point, that a verdict does not extinguish a simple contract debt, or change the nature of it, and therefore it may be given in evidence, notwithstanding the defendant has had a verdict for it, and the verdict is still under the control of the court.

But even if this case had not made this distinction between a judgment and the verdict, it would hardly have been an authority in the present case, when it is considered, that that proceeding was had under a statute which made a judgment a good set-off.

*Judgment on the verdict.*