## HARRATT, Libt. vs. HARRATT.

Menaces of bodily harm, coupled with harsh treatment and neglect in sickness, and a reasonable apprehension of danger to the health of the wife from cohabitation, constitute a case of extreme cruelty, authorizing a divorce, notwithstanding there has been no actual personal violence.

LIBEL for a divorce, alleging extreme cruelty.

The evidence on the part of the libellant proved, that the husband had at different times threatened to take her life ; that he had ceased to provide for her support, and treated her harshly and with neglect in sickness ; and there was also evidence of circumstances tending to show a reasonable apprehension that if she cohabited with him she might be subjected to disease.

There was no evidence of actual violence.

*Bartlett*, for the libellant, cited *Webster's Fol. Dic.* ' Cruelty' ; 2 *Kent's Com.* 125 ; *Ainsworth's Lat. Dic.* ' *Sævitia ;*' 4 *Mass.* 587, *French* vs. *French* ; 2 *Phil. Eccl. Rep.* 95, *Otway* vs. *Otway ; ditto* 207 *Smith* vs. *Smith ;* 2 *Addams' Eccl. Rep.* 27, *Hulme* vs. *Hulme ;* 1 *Haggard's Eccl. Rep.* 733, *Popkin* vs. *Popkin in note ;* 3 *Eng. Eccl.* 325 ; 1 *Haggard* 773, *D'Aquilar* vs. *D'Aquilar ;* 1 *Haggard's Consistory Rep.* 453, *Holden* vs. *Holden ;* 1 *Black. Com.* 441.

The modern decisions in England no longer rest upon the barbarous idea that blows alone constitute cruelty, or that when threatened the wife cannot be protected until after they are inflicted. The present doctrine is more consistent with a civilized age ; and we need ask no extension of the principles now established by judicial decisions, when applied to the facts of this case, to warrant a decree of separation.

*By the Court.* PARKER J. In *Warren* vs. *Warren*, 3 *Mass.* 321, Parsons, C. J. says—" The extreme cruelty in

"the statute means personal violence, and answers to the "*sævitia* of the civil law."

In 2 *Kent's Com.* (*1st ed.*) 106, it is said—"The causes "must be grave and weighty, and show such a state of "personal danger as that the duties of the married life can-"not be discharged. Mere austerity of temper, petulance "of manners, rudeness of language, or want of civil atten-"tion, even occasional sallies of passion, if they do not "threaten bodily harm, do not amount to that cruelty against "which the laws can relieve."

And in *Barrere* vs. *Barrere*, 4 *John. C. Rep.* 189, the Chancellor expressed an opinion that even a slight actual assault, in anger, would not justify a divorce.

Most of the cases cited by the counsel contain some evidence of actual personal violence, but in several of them it is held that there may be legal cruelty without this. 2 *Phil.* 95, *Otway* vs. *Otway;* 2 *Addams* 27, *Hulme* vs. *Hulme;* 1 *Haggard* 733, *Popkin* vs. *Popkin in note ; ditto* 773, *D'Aquilar* vs. *D'Aquilar ;* 1 *Haggard's Con. Rep.* 453, *Holden* vs. *Holden.*

In the very elaborate opinion of Sir William Scott, in *Evans* vs. *Evans,* 1 *Haggard's Con. R.* 35, he says,— "This however must be understood, that it is the duty of "courts, and consequently the inclination of courts, to keep "the rule extremely strict. The causes must be grave and "weighty, and such as to show an absolute impossibility "that the duties of the married life can be discharged. In "a state of personal danger no duties can be discharged; for "the duty of self-preservation must take place before the "duties of marriage, which are secondary both in com-"mencement and obligation ; but what falls short of this is "with great caution to be admitted."——"What merely "wounds the mental feelings is in few cases to be admitted, "where they are not accompanied with bodily injury, either "actual or menaced."—"In the older cases of this sort, "which I have had an opportunity of looking into, I have

Harratt
*vs.*
Harratt.

" observed that the danger of life, limb, or health, is usually " inserted as the ground upon which the court has proceeded " to a separation. This doctrine has been repeatedly applied " by the court in the cases that have been cited. The court " has never been driven off this ground. It has been always " jealous of the inconvenience of departing from it, and I " have heard no one case cited, in which the court has " granted a divorce without proof given of a *reasonable* " *apprehension* of bodily hurt. I say an *apprehension*, " because assuredly the court is not to wait till the hurt is " actually done ; but the apprehension must be *reasonable ;* " it must not be an apprehension arising merely from an " exquisite and diseased sensibility of mind." 4 *Eng.Eccl. Rep.* 311, 312.

That cruelty may be extreme, without blows, cannot be doubted, and we have no difficulty in holding, that where the causes are grave and weighty, and such as to show an impossibility that the duties of the married life can be discharged—when violence is menaced, and there is reasonable apprehension of danger to life, limb, or health—the case comes within our statute, and that the court ought not to wait until the hurt is actually done.

There has been more doubt whether the case before us, on the facts in evidence, comes clearly within the principle.

The evidence, however, shows that the life of the libellant has been menaced, and we cannot say there is no probability that violence will be resorted to ; and as there is further evidence of harsh treatment, and neglect, and of circumstances tending to show that cohabitation would be attended with danger to the health of the libellant, the court is of opinion, that all these circumstances combined bring the case within the statute.

*Divorce decreed.*