## CARLTON v. CARLTON.

A person competent to be sworn, and to testify in a court of justice, is a credible attesting witness of a will.

A person under the age of fourteen years is presumed to be incompetent, from defect of understanding, to attest the execution of a will, but this presumption may be rebutted.

APPEAL from a decree of the judge of probate allowing and approving the will of Samuel Carlton. The reason of appeal assigned was that one of the subscribing witnesses to the will was only of the age of eleven years and five months at the time of the execution thereof; and it was agreed that the age of the witness was correctly stated in the appeal.

*Burke & Waite*, for the appellant.

The word "credible," as used both in the English statute of frauds and in our own statute concerning wills,

seems to imply something more than mere competency in the witnesses attesting a will devising real estate. Stock on Non Compotes Mentis, 59, 60. They are permitted to give their opinions merely of the sanity of the testator, without being required to state the facts upon which their opinions are founded; 1 Jarm. Wills (2d Am. Ed.) 74; which is not permitted in the case of witnesses who do not attest the will. *Ibid;* and *Hamblett* v. *Hamblett,* 6 N. H. 349. Attesting means more than barely subscribing the name to paper. It implies a knowledge of a publication, and of the facts necessary to a legal publication. 1 Jarm. 114. The witnesses to a will must, therefore, themselves be of sufficient understanding and capacity to exercise the faculty of judging and determining—of comparing, reasoning, and deducing conclusions. The business of the persons required by the statute to be present at the execution of a will, is not barely to attest the corporal act of signing, but to try, judge, and determine whether the testator is *compos* to sign, and to guard him against fraud. 1 Pow. on Dev. 81; 2 Gr. Ev., sec. 691. A person, who signs his name as a witness to a will, by this act of attestation solemnly testifies the sanity of the testator. 1 Jarm. 76, n. 3. The heir at law has a right to proof of sanity from every one of them whom the statute has placed about his ancestor. 1 Pow. on Dev. 82. By nature, and by custom and law in all civilized countries, the heir is entitled to the estate on the decease of the ancestor, unless the latter dispose of it by will; and before the estate is thus wrested from its natural and legitimate course of descent, and turned in another direction, even by will, tribunals of justice should be abundantly satisfied that not only the act was that of a sound mind, but accompanied by all the solemn formalities which the law has thrown about it for the protection of both the ancestor and the heir against fraud and imposition. It is, therefore, submitted, that it is not the duty of courts of

justice to lean in favor of a will which diverts the estate from its natural course of descent to the heir, and vests it in a stranger. But it is their duty to scrutinize such a will rigidly, as well with respect to formality of execution as construction. "The witness was neither " credible" nor " competent," in any legal sense. He was incompetent, from deficiency of understanding. Under the age of fourteen years, all persons are presumed not to have sufficient discretion and understanding, until the contrary appears, and consequently cannot be admitted to testify as witnesses. 1 Gr. Ev., sec. 367. Such a person may be examined as to his discretion and understanding, and if found to be sufficient he may be admitted to testify under that age. But the examination must be made by the judge. Ibid. The competency of a witness is to be decided by the court, and not the jury. *Reynolds* v. *Somerbury*, 6 Hill 534; 8 Mis. 733; *Van Pelt* v. *Van Pelt*, 2 Penn. 637. According to the authorities heretofore cited, the witness must have been of sufficient discretion and understanding to testify at the time of the attestation of the will. The rule cannot be limited to the time of his examination. It is not possible that the judge could then examine him as to his capacity five years previous to his examination on the trial of the will. Nor can the fact of his capacity be proved by other witnesses, inasmuch as the determination of the judge to admit, or not to admit him to testify, must be the result of a legal conclusion from his own examination of the witness. The danger and the absurdity of permitting mere children to surround the testator, perhaps *in extremis*, and to witness the solemn act of the execution of his last will and testament, are too palpable to require comment. To permit such a practice would be to stultify and ridicule the law, and to expose the testator to any amount of fraud and circumvention, and the heir to any amount of wrong and injury. It is proper to add, that, upon the point last considered,

Carlton v. Carlton.

the civil and common law substantially concur. By the Louisiana code, females are not permitted to witness the execution of wills, nor males, until they have arrived at the age of sixteen years. 2 Bouv. Inst. 448. And the general principle of the civil law is, that male children, under the age of fourteen years, are not competent to witness testaments, nor females at any age. 2 Domat Civ. Law (Cushing's Ed.), 290, sec. 3052.

*Snow*, for the appellee.

Doe, J. The statute of wills requires "three or more credible witnesses," and the well settled construction of this and other similar statutes is, that the witnesses should be competent, or not disqualified, at the time of the attestation of the will, to be sworn and to testify in a court of justice. The argument that attesting witnesses are regarded in law as persons placed around the testator, to protect him from fraud, and to judge of his capacity, and are permitted to testify as to the opinions they formed of his capacity, and that it is contrary to the policy of the law to allow so important a trust to be exercised by children, tends to show that, on account of their peculiar rights and duties, they should possess some other qualifications than those which entitle persons to be sworn as witnesses in court; and it might lead to the conclusion that they should be experts in questions of insanity—a result that would often prevent the making of wills. Undoubtedly the statute was intended to guard against fraud and to provide means of proving the mental condition of the testator. And one of the objects of requiring the presence of witnesses being to give them an opportunity to ascertain and judge of his capacity, it would seem necessarily to follow that they should be allowed to testify the opinions which they were specially appointed to form. But whatever they are required or authorized to do, they are not

Carlton *v.* Carlton.

required to have any other qualifications than those of ordinary testifying witnesses. There is nothing in the statute to demand or to justify any unusual definition of the term, " credible witnesses."

The general rule, in common law trials, is, that the competency of witnesses is to be decided by the court, and that the examination of a child, to ascertain his competency to be sworn as a witness, is made by the judge at his discretion. And it is urged that the competency of the attesting witness, who was under fourteen years of age at the time of the attestation, cannot be proved by other witnesses, but that the determination of the judge, to admit or not to admit him to testify, must depend solely upon his own examination of the child, and that the judge cannot, by such examination alone, at the hearing on the probate of the will, judge of his competency at the time of attestation. If this were so, the death of the witness would have barred the probate of the will, although it might have been legally executed. If the attesting witnesses are competent at the time of probate, they may be sworn. Whether they were competent at the time of attestation is a question entirely distinct and separate from the question of their competency at the time of probate. There is no more reason to confine the judge of probate to the examination of a witness at the probate, to determine whether such witness were competent at the time of attestation, than to limit the judge to the testimony of one witness upon any other question. Whether, at the probate, an attesting witness is incompetent to be sworn, by reason of deficiency of understanding arising from immaturity of intellect, insanity, or intoxication, is a question to be determined by the judge on proper evidence. More evidence from other witnesses may be required to determine whether such incompetency existed at the attestation, than to determine whether it exists at the probate, because the appearance of the witness whose

Carlton *v.* Carlton.

competency is questioned may furnish little or no evidence of his condition at a former time. But the question of his competency is equally open, in both cases, to be settled by such evidence as can be produced. And when the objection to his competency at the attestation is founded upon alleged defect of understanding, it is equally proper to receive the testimony of other witnesses whether the defect is alleged to have arisen from immaturity, insanity or intoxication. He is presumed to have been competent, until the contrary appears. Without any evidence concerning him, he is not presumed to have been under the age of fourteen years, or insane, or intoxicated. If he were alive and present at the probate, his appearance might sufficiently indicate that he was then under fourteen years of age, or that he was an idiot, and that, consequently, he could not have been competent at the attestation. But if he were dead, or if he were alive, and could not be produced at the probate, the burden of proving him to have been less than fourteen years old, like the burden of proving him to have been insane or intoxicated, would be upon the party asserting his incompetency. Whether, at the probate, he were dead or alive, proof that at the attestation he was under the age of fourteen would overcome the presumption of competency, and make a *primâ facie* case against the due execution of the will, because children under that age are presumed to be incompetent. But such evidence would only substitute one presumption for another. There is no age within which children are absolutely excluded. The degree of understanding which is the test of competency is not developed in all at the same age, and it would be unreasonable to establish any arbitrary and conclusive standard of years. But it is natural that a presumption should be drawn from age, and it is just that such presumption may be rebutted. Persons over fourteen years of age may be incompetent, from defect of understanding, and

persons under that age may be competent, and it is as proper that the truth should be shown in the one case as in the other. In proceedings in the probate court, whether the attesting witnesses of a will are then competent to testify, is a preliminary question concerning the admission of evidence, to be determined before they are sworn; but whether they were competent attesting witnesses at the time of attestation is a question concerning the due execution of the will, to be decided after they are sworn. If they are competent to testify at the probate, it would be no more an objection to their being sworn, that they were incompetent at the attestation, than that they had been incompetent at any other time. They may be needed to give testimony other than that usually given by attesting witnesses. In a suit at common law, where a witness is called to prove a past transaction, it is no objection to his being sworn that at the time of the transaction he was incompetent to understand it, on account of blindness, deafness, immaturity, insanity or intoxication. The question of his ability at the time of the transaction to understand it, is for the jury. So if a will were to be proved before a court and jury, the qualifications, at the time of the trial, of the persons offered to testify, would be passed upon by the court, and the qualifications, at the time of the execution of the will, of the persons who attested and subscribed it in the testator's presence, would be passed upon by the jury. The only difficulty or confusion arises from the fact that both of these classes of persons are called witnesses, both classes may be composed of the same persons, and both are required to possess the same qualifications at different times.

In this case one of the witnesses, having been under fourteen years of age, is presumed to have been incompetent, but the executor may have an opportunity to rebut that presumption.