# DAY v. DAY.

*ivorce—Extreme cruelty—Competency of children as witnesses.*

e trial of a libel for divorce on the ground of extreme cruelty, only
ssaults upon the libellant by the libellee were proved, and those of
very aggravated nature. It was in proof that the libellee used very
t language towards the libellant, cursing her, and applying indecent
s, and conducting himself so as to terrify his wife and children,
ke living with him intolerable. *Held,* that these facts furnished
e from which the judge who heard the cause was authorized to
t the charge was supported.

trial, a boy ten years old was offered as a witness. He appeared
o knowledge of the nature of an oath. Having been first in-
by the court upon that point, he was permitted to testify.
t he was properly admitted.

der the age of nine years is found, after examination by the
sess a sufficient sense of the wickedness and danger of false
nay be sworn, and admitted to testify.

FROM STRAFFORD CIRCUIT COURT.

LIBEL FOR DIVORCE, on the ground of extreme cruelty. The cause was tried before RAND, J., who reported as follows : " Only two assaults, made upon the libellant by the libellee, were proved; and these were not of a very aggravated nature. But it was in proof that the libellee used very violent language towards the libellant, cursing her at times, and applying indecent epithets to her. This was especially the case during the last two years. I am satisfied that the libellee has conducted himself in such a way as to terrify his wife and children, and make the idea of living with him intolerable to them. I therefore decree divorce, and custody, as prayed for in the libel."

The libellant offered as a witness George R. Day, a boy ten years of age, and son of the libellant and libellee. The witness appeared to have no knowledge of the nature of an oath. The court instructed him upon that point, and then received his testimony, subject to the objection of the libellee.

The questions arising upon the foregoing opinion and statement of facts were transferred to this court.

*Worcester & Gafney*, for the libellant.

*Wheeler*, for the libellee.

SMITH, J. The decision of the judge who tried this cause in the court below must be deemed conclusive upon all questions of fact. *Bowman* v. *Sanborn*, 25 N. H. 87 ; *Burnham* v. *McQuesten*, 48 N. H. 446 ; *Higbee* v. *Bacon*, 11 Pick. 428. The facts reported furnish evidence from which the judge was authorized to find that the charge of extreme cruelty, as defined in *Harratt* v. *Harratt*, 7 N. H. 196, and *Poor* v. *Poor*, 8 N. H. 307, on pages 315 and 316, was supported. There is no claim that the ill treatment was drawn upon the libellant by her own misconduct.

The second question raised by the case arises from the admission of George R. Day, a child ten years of age, to testify. The ancient rule of the common law was, that no witness under the age of nine years should be sworn ; but the later rule is, that if the child appear, after examination by the court, to possess a sufficient sense of the wickedness and danger of false swearing, he may be sworn, although less than nine years of age. The jury will give his testimony such credit as they shall think it deserves, considering his appearance and intelligence, and the circumstances of his testifying. *Commonwealth* v. *Hutchinson*, 10 Mass. 225. Mr. Greenleaf says—1 Gr. Ev., sec. 367—that there is no precise age within which children are excluded from testifying. Every person of the age of fourteen is presumed to have common discretion and understanding until the contrary appears ; but under that age it is not so presumed. If, after inquiry, he appears to have sufficient natural

intelligence, and to have been so instructed as to comprehend the nature and effect of an oath, he is admitted to testify, whatever may be his age.   In *Rex* v. *Pike*, 3 Car. & P. 598, the declaration *in articulo mortis*, made by a child four years of age, was rejected on the trial of an indictment for the murder of such child, Mr. Justice PARK remarking,—"It is quite impossible that she, however precocious her mind, could have had that idea of a future state which is necessary to make such a declaration admissible."   On the other hand, Mr. Greenleaf says, it is not unusual to receive the testimony of children under nine, and sometimes, even, under seven years of age, if they appear to be of sufficient understanding,—and cites as authorities 1 East P. C. 442, *Commonwealth* v. *Hutchinson*, 10 Mass. 225, McNolle's Ev. 154, and *State* v. *Whittier*, 8 Shefe 341; and it has been admitted even at the age of five years,—for which he gives *Rex* v. *Brasier*, 1 Leach Cr. Cas. 237, Bull. N. P. 293, S. C., and 1 East P. C. 443, S. C.

We are cited by the counsel for the libellee to the case of *Rex* v. *Williams*, 7 Car. & P. 320, where, upon the trial of an indictment for murder, a daughter of the prisoner, aged eight years, was called as a witness on the part of the prosecution.   After being examined as to the nature of an oath, she was rejected by PATTERSON, J., who said he must be satisfied that the child felt the binding obligation of an oath from the general course of her religious education.   The effect of the oath upon the conscience of the child should arise from religious feelings of a permanent nature, and not merely from instructions confined to the nature of an oath recently communicated to her for the purpose of the trial.   Previous to the happening of the circumstances to which the witness was offered to testify, she had no religious education whatever, and had never heard of a future state, and, as the learned judge remarked, " now has no real understanding on the subject."   This probably furnishes the reason why he excluded her.

In *Clements* v. *Marston*, 52 N. H. 31, the history of legislation in this state removing disabilities from witnesses is given; and it is there stated that, under our statutes, neither interest nor infamy is any disqualification as a witness, whether as a party or otherwise.   In view of the policy pursued by the legislature in removing disabilities from witnesses, and allowing their testimony to be weighed by the jury for what in their minds it might be worth, the rule, as laid down in *Commonwealth* v. *Hutchinson*, and in Greenleaf, *supra*, would not seem to be in conflict therewith.

When it appears that a child who is offered as a witness has not been sufficiently instructed in the nature of an oath, the court will, in its discretion, put off the trial that this may be done.   1 Gr. Ev., sec. 367.   And that is what was done in this case: "the court instructed him upon that point, and received his testimony."   We must presume that this was not done unless the court was satisfied that, after being instructed he understood the nature and effect of an oath, and its binding obligation;—and, this being so, the witness was properly admitted to testify.

CUSHING, C. J. The facts found by the court are sufficient, according to my understanding, to constitute *legal* cruelty, according to the case of *Harratt* v. *Harratt*, 7 N. H. 198;—see, also, *C——* v. *C——*, 28 Eng. L. & E. 603.

By *Carlton* v. *Carlton*, 40 N. H. 14, the witness being under the age of fourteen years, was *prima facie* incompetent; and this presumption had to be removed in order to his admission. On examination, no want of intelligence was found, and no want of general religious instruction and competency, but only want of knowledge of the nature of an oath. To such a child it must have been easy to communicate the necessary information on that point. The competency was a question of fact, which, being determined by the court below, is not open for revision here. If the objection were that so young a person was by law incompetent, it is removed by the case of *Carlton* v. *Carlton, ubi supra.* If the objection were to the fact of competency, the court has not the means to revise the finding, neither has it authority to do so.

LADD, J. I do not see what there is in this case for the opinion of the court. If we are to say whether a divorce for the cause of cruelty could legally be decreed upon evidence of two not very aggravated assaults, and the use of violent, profane, and indecent language by the husband to the wife, and such a course of conduct as to terrify her and their children, and render the idea of living with him intolerable, then I agree with my brethren that such evidence tends to show cruelty, and the finding of the judge that there was such cruelty as the statute makes a cause of divorce is not to be set aside for the reason that there was no evidence upon which it could be based.

Before receiving the testimony of the boy, the judge must have been satisfied that he was sufficiently instructed in the nature of an oath to justify such a course. It was an exercise of discretion which this court is not to revise. 1 Gr. Ev., sec. 367.

*Exceptions overruled.*