# Beason *v.* The State.

*Indictment for Rape, and for Carnal Knowledge or Abuse of Female Child.*

1. *Sufficiency of indictment; joinder of offenses; election by prosecution.* In an indictment for rape, and for the statutory offense of having carnal knowledge of a female child under ten years of age, or the abuse of such child in the attempt to have carnal knowledge of her (Code, §§ 4304, 4306), it is sufficient to pursue the statutory forms (Nos. 7, 8, p. 992); the offenses may be joined, in different counts, in the same indictment; and the State can not be compelled to elect on which count it will proceed, when the evidence on the trial discloses that the female was over ten years of age when the offense was committed.

2. *Competency of juror.*—A juror is not subject to challenge for cause, merely because he has formed an opinion as to the guilt or innocence of the accused, which may be changed by the evidence: he is disqualified, only "when he has a fixed opinion which would bias his verdict." (Code, § 4881.)

3. *Competency of child as witness.*—A child, between eleven and twelve years of age, being offered as a witness in this case, and being examined by the court to test her competency, "manifested an entire want of instruction as to the nature and effect of an oath, of all religious training, and utter ignorance of the existence of a Supreme Being, the rewarder of truth and the avenger of falsehood;" saying that she had never heard of God, heaven or hell, and did not know that she would be punished, if she swore falsely, otherwise than by being put in jail. *Held,* that the court erred in permitting her to testify as a witness.

FROM the Circuit Court of Marshall.

Tried before the Hon. LEROY F. BOX.

The indictment in this case was found at the April term of said court, 1882, and contained two counts; the first charging, that the defendant, Andrew Beason, "before the finding of this indictment, forcibly ravished Virginia Beard, a female;" and the second, that he "did carnally know, or abuse in the attempt to carnally know, Virginia Beard, a female under the age of ten years." On his trial, having been duly arraigned, the defendant moved to quash the indictment, "because it was vague and indefinite, and charged against him two separate and distinct offenses, and therefore he is unable to plead to said indictment, because of its duplicity and uncertainty;" and this motion being overruled, he then demurred to the indictment,

[Beason v. The State.]

"assigning the same grounds of demurrer as set forth in the said motion to quash." The court overruled the demurrer also, and the defendant then pleaded not guilty; having reserved exceptions to the overruling of his motion and demurrer.

On the trial, during the selection and organization of the jury, as the bill of exceptions recites, "the defendant propounded questions, through his counsel, to J. W. Wedgeworth, one of said jurors, tending to show his incompetency as a juror, because of opinions formed as to the guilt or innocence of the defendant; and asked said Wedgeworth, if the opinion he had formed was of such nature as to require proof to remove it from his mind; to which question said Wedgeworth replied, that his opinion was of such character that it would require evidence to remove it from his mind. The court then proceeded to ask said Wedgeworth the questions set forth in the Code; and when asked by the court, if he had a fixed opinion as to the guilt or innocence of the defendant which would bias his verdict, he answered, *No*. The defendant challenged said juror for cause, under his answers to the said questions propounded to him; which challenge the court overruled, and called on the defendant to pass on said juror, and the defendant declining to say further in respect to said juror, the court directed said Wedgeworth to take his place as a juror; to which ruling and action of the court the defendant then and there excepted."

During the progress of the trial, it appeared from the testimony of the father of said Virginia Beard, and of other witnesses for the State, that the said Virginia was, at the time of the commission of the alleged offense, eleven years and four months old; "whereupon, the defendant moved the court to require the solicitor to elect upon which count of the indictment he would proceed; which motion was overruled by the court, and the defendant then and there excepted."

When said Virginia Beard was introduced as a witness for the State, "the defendant objected to her competency and capacity as a witness; and the court thereupon proceeded to examine and interrogate her, as to her responsibility if she swore falsely. Said Virginia stated, that she would be put in jail if she swore falsely, but that was all that would be done with her. When asked by the court, what would become of her, if she swore falsely, when she died, she replied, '*I will go to rest.*' The court asked her, if she would not be punished by God for false swearing; and she answered, '*No.*' The court asked her, whether she had ever heard of heaven or hell; and she answered, '*No, she had not.*' The court asked her, whether she had ever heard of God or the devil; and she answered, '*No.*' The State's attorney asked her, in the presence of the court, if

wicked people would not be punished by God when they died; and she answered, '*No, they went to rest.*' Said attorney asked her, if she knew right from wrong; and she answered, that she did. He then asked her, if it was right or wrong to swear a lie; to which she answered, that it was wrong, and that she would be punished if she swore a lie—that she would be put in the jail-house, and would be sent to the penitentiary." The witness was examined at greater length, but the above is the substance of her examination. The defendant objected to her competency and capacity as a witness, and duly reserved exceptions to the overruling of his several objections.

No counsel appeared for the appellant in this court, so far as the record and dockets show; and there is no brief on file.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—Each count of the indictment is in the form prescribed by the Code; the first charging the offense of rape, and the second that of carnal knowledge of a female child under ten years of age, or, in the alternative, the abuse of such child in the attempt to have carnal knowledge of her. Code, §§ 4304, 4306; Forms 7 and 8, p. 992. The offenses are of the same character, and subject to the same punishment; and they may be joined, in different counts, in the same indictment. The motion to quash, and the demurrer to the indictment, were properly overruled. Nor was there any ground for compelling the State to elect the prosecution of the one offense, to the exclusion of the other.—*Dawkins v. The State*, 58 Ala. 376.

2. The juror Wedgeworth was not subject to challenge for cause. It is not the mere formation of an opinion touching the guilt or innocence of the accused, which disqualifies a juror. The statute disqualifies him only when he has a fixed opinion, which would bias his verdict. An opinion, no matter how formed, or upon what it may be based, that is not fixed, that may be changed by the evidence, that will not bias the verdict, will not disqualify.—*Carson v. State*, 50 Ala. 134; *Bales v. State*, 63 Ala. 30.

3. The child injured, at the time of the injury, was above the age of eleven years; and being offered as a witness, the defendant objected to her competency. To ascertain her capacity, she was examined by the court, and by counsel, in the presence, and under the direction of the court. While it can not be said that she manifested a want of understanding common to children of her years, yet she manifested an entire want of instruction as to the nature and effect of an oath, of all re-

[Powell v. The State.]

ligious training, and utter ignorance of the existence of a Su-
preme Being, "the rewarder of truth and the avenger of false-
hood." While we agree to the doctrine laid down in *Wade
v. State*, 50 Ala. 164, that in passing upon the capacity of
children of tender years to testify, much must be left to the
sound discretion of the primary court, and that it is only in
strong cases the ruling of the court admitting them as witnesses
should be reversed, we are constrained by the later case of
*Carter v. State*, 63 Ala. 52, to hold the child incompetent, and
that it was error to permit her to testify.

Let the judgment be reversed, and the cause remanded; the
prisoner will remain in custody, until discharged by due course
of law.