75    21
134   89

# Kelly *v.* The State.

*Indictment for an Attempt to have Carnal Knowledge of a Female under Ten Years of Age.*

1. *Infant of tender years; competency of as a witness.*—The sole reason that infants of tender years are not allowed to testify as witnesses is, that they do not, at the time their testimony is offered, comprehend and realize the danger and impiety of falsehood; and hence, that an infant was of too tender years to be sworn, at the time of the occurrence of the transaction, about which he is afterwards called to testify, does not render him incompetent, but is merely a circumstance that. bears on the weight of his testimony.

2. *Same.*—That an infant female was incompetent to testify on a former trial of a defendant charged with an attempt to have carnal knowledge of her, and was then so adjudged by the court, does not effect her competency on a subsequent trial of the same case, had after new trial granted.

APPEAL from Wilcox Circuit Court.
Tried before Hon. JOHN MOORE.
The facts are sufficiently stated in the opinion.

JOHN Y. KILPATRICK, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The charge on which defendant was tried and convicted, was an attempt carnally to know a female child under ten years of age. When the attempt is alleged to have been made, the child was a little over six years of age. There were two trials; the first, when the child was between seven and eight years old. The presiding judge did not then allow her to testify, he not being satisfied she had sufficient knowledge of the binding obligation of an oath. The accused was nevertheless convicted without her testimony. A new trial was granted.

At the second trial—spring term, 1884—the child, on examination, was adjudged to be competent, and she testified. She was then over eight years old. We are not informed what questions were propounded to her, nor what answers she gave, and hence are not called upon to determine the sufficiency of the evidence she furnished of her competency to testify. The court ruled her competent. She was examined and cross-examined as a witness before the jury, and the defendant

"objected to all that said witness had testified to in regard to the commission of the said alleged offense on her by the defendant, and the particulars thereof, and moved the court to exclude the same from the jury, on the ground that the said witness, having been held by the court to be incompetent to testify at the last term of this court, could not now testify to any thing which occurred before said last term, though now competent to testify as a witness." This motion was overruled, and defendant excepted. This is the only question raised by the record.

The question raised is, not whether the witness, when she gave evidence, was competent to testify. That does not appear to be denied. The real objection is, that, at a time subsequent to the occurrence of the acts she testified to, she was deficient in that intelligent sense of accountability, which our laws make a condition precedent to giving sworn testimony. On principle, this objection would seem to be unfounded. If a witness, when testifying, is competent, what matters it that there was a time when he was incompetent? The reason—the sole reason—that infants of tender years can not testify is, that they do not comprehend and realize the danger and impiety of falsehood, not that there may have been a time when they did not comprehend it. That the witness was of tender years—too tender to be then sworn as a witness - when the transaction occurred, about which he is afterwards called to testify, is a circumstance bearing on the weight of his testimony, not its legality. If the infant be of sufficient years and discretion to know what occurs, to remember it, and to give an intelligible account of it, and, when examined, comprehends the danger and impiety of falsehood, he is a competent witness. The weight of his testimony is for the jury.—*Morea's case,* 2 Ala. 275 ; *Carter v. The State,* 63 Ala. 52. In 1 Phil. Ev. (4th Amer. Ed.) 13, it is said : "In many cases, undoubtedly, the statements of children are to be received with great caution ; but it is clear a prisoner may be legally convicted upon such evidence alone and unsupported ; and whether the account of a child requires to be corroborated in any part, or to what extent, is a question exclusively for the jury, to be determined by them on a review of all the circumstances of the case, and especially of the manner in which the evidence of the child has been given." So, in Roscoe's Cr. Ev. 113, it is said to have been the agreement of all the English judges, "that a child of any age, if capable of distinguishing between good and evil, might be examined upon oath." And in Whar. Cr. Ev., § 366, it is said : "The testimony of a child between four and five, and that of a child between six and seven, have been received on the trial of an indictment for an attempt to ravish.

[Snoddy v. The State.]

And we may regard it as settled, that wherever there is intelligence enough to observe and to narrate, there a child, having a due sense of the obligation of an oath, can be admitted to testify."— *Wade v. State*, 50 Ala. 164.

We think this case is brought directly within the influence of *Carter's case*, 63 Ala. 52; and the judgment of the circuit court must be affirmed.

This being a capital case, and the day set for the execution of the prisoner having passed, it is ordered by the court that Friday, the 29th day of August next, be set for the execution of the sentence of the law; and that on that day the prisoner be hanged by the the neck until he is dead. The sheriff of Wilcox county will execute this sentence in the manner prescribed by law.