[McKelton v. The State.]

# McKelton *v.* The State.

*Indictment for Burglary.*

1. *Competency of witness, as affected by mental capacity.*—A boy who, on examination by the court, testifies: "I am going on fourteen years old; do not know who made me; do not know what will be done with me if I lie and steal; know it is wrong to lie and steal, but do not know what will be done with me if I steal; did not know they would send me to jail if I swore a lie; do not know what will become of me when I die, if I swear to a lie; know it is wrong to tell a lie, but did not know I would be punished for it,"—is not competent to testify as a witness, for want of the requisite mental capacity.

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. SAM. H. SPROTT.

WM. L. MARTIN, Attorney-General, for the State, cited *Wade v. State*, 50 Ala. 164; *Carter v. State*, 63 Ala. 52; *Benson v. State*, 72 Ala. 191.

McCLELLAN, J.—On the trial below, the defendant objected to the examination of one Henry Williams as a witness against him, on the ground of incapacity. Being examined by the court, the witness testified as follows: "I am going on fourteen years old. I do not know who made me. I do not know what will be done with me if I lie and steal. I know it is wrong to lie and steal, but I do not know what will be done with me if I steal. I did not know that they would send me to jail if I swore a lie. I do not know what will become of me when I die, if I swear to a lie. I know it is wrong to tell a lie, but did not know I would be punished for it." On this showing, as to the capacity of the witness, the court allowed him to testify, and the defendant duly excepted.

We think this ruling of the court erroneous. The rule is, that persons who have no comprehension of the nature and obligation of an oath, and are incapable of appreciating their responsibility for its violation, should not be admitted as witnesses; and this without regard to the cause from which the defect has arisen, and hence without reference to the age of the witness. The witness Williams, though he had attained an age at which the mind is usually sufficiently

[Foster v. The State.]

developed to understand the sanctity of an oath, and to know the consequences of false swearing, clearly did not have the requisite capacity.—1 Green. Ev., §§ 365, 367; *Morea v. State*, 2 Ala. 275; *Carter v. State*, 63 Ala. 52; *Beason v. State*, 72 Ala. 191; *Wade v. State*, 50 Ala. 164; *McGuff v. State, ante*, p. 149.

The judgment of the Circuit Court is reversed, and the cause remanded.