[Walker v. The State.]

# Walker *v.* The State.

## *Indictment for Assault and Battery.*

1. *Witness; competency of child ten years of age.*—Where a child ten years of age is offered as a witness and she testifies on her *voir dire* that she goes to Sunday school and to church, says her prayers and believes in God, and that if she told a story about the case, "she would be put in jail and when she died she would go to the bad man, but that she did not know who would send her to the bad man," is a competent witness, and is of sufficient intelligence for her testimony to be admitted in evidence.

2. *Assault and battery; sufficiency of evidence as to identity of person assaulted.*—Where a defendant, Walker, is indicted for an assault and battery upon a child who is named in the indictment as Lucinda Breeden, and it is shown that about a month before the alleged assault said child was adopted by the defendant and took his name, but the child testifies that her name was Breeden and she was also called by that name, and other witnesses testify that she was better known by the name of Breeden than Walker, the person upon whom the assault is alleged to have been committed, is sufficiently identified in the indictment; and upon proof of the assault committed upon such child, the defendant should be found guilty.

3. *Charges of court to jury.*—Charges requested by the defendant in a criminal case which are abstract and which are incomplete and elliptical are properly refused.

4. *Same.*—In the trial of a criminal case, a charge is erroneous and properly refused which instructs the jury that "if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable, rather than that which is unfavorable to the accused.

5. *Same; charge as to reasonable doubt.*—In the trial of a criminal case, a charge requested by the defendant is erroneous and properly refused which instructs the jury that there should not be a conviction unless the evidence excludes to a moral certainty "every hypothesis but that of the guilt of the accused."

APPEAL from the Circiut Court of Jackson.

Tried before the Hon. J. A. BILBRO.

The appellant in this case was indicted, tried and convicted for an assault and battery upon the person who was named in the indictment as Lucinda Breeden.

On the trial of the case, the State introduced in evidence the child alleged to have been assaulted, who was shown to be ten years old. Her testimony on her *voir dirc* is set forth in the opinion. The defendant objected to her testifying, the court overruled the objection, and the defendant duly excepted. The witness testified that the defendant whipped her with a leather strap very hard. She tesified that her name was Lucinda Breeden and her father's name was Breeden; that her mother was dead and that she was adopted by the defendant, Will F. Walker, and it was admitt. that she was the adopted child of said Walker, taking his name. The defendant moved to exclude the testimony of the child, upon the ground that the defendant was indicted for an assault on Luncinda Breeden, while the child's name was Lucinda Walker. The court overruled this motion and the defendant duly excepted.

The State introduced several witnesses who testified that the child assaulted was well and better known by the name of Lucinda Breeden than by the name of Lucinda Walker.

The defendant as a witness in his own behalf testified that at the time he is charged with having whipped the child he was in bed where he had been confined for four weeks; that he did not whip the child, but that his wife whipped her; that the child was his adopted child at the time of the whipping. The testimony of this witness was corroborated by the testimony of several witnesses introduced in his behalf.

The defendant introduced the record of the probate court showing that the child was adopted prior to the alleged assault taking his name, etc.

The defendant requested the court to give to the jury, among others, the following written charges: (6.) "The court charges the jury that it is an essential, indispensable element of the indictment that the name of the child alleged to have been assaulted is as certain as the

name of the person charged with the assault." (3.) "The court charges the jury that if they believe the evidence the child's name was at the time of the alleged assault Lucinda Walker and you should acquit the defendant." (5.) "The court charges the jury that if they are not satified beyond a reasonable doubt that at the time of the alleged assault she was as kell known by the name of Lucinda Breeder, as she was by the name of Lucinda Breeden, or Lucinda Walker, the jury should acquit the defendant." (13.) "The court charges the jury that it is a well settled rule of the law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused." (14.) "The humane provision of the law is that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other hypothesis than that of the guilt of the accused, no matter how strong may be the circumstances if they can be reconciled with the theory some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires." (2.) "The court charges the jury that they should weigh the testimony of an immature child with that degree of your own common knowledge and understanding of children in the narrative of events during childhood."

Milo Moody, for appellant.

Chas. G. Brown, Attorney-General, for the State.

McClellan, C. J.—The child alleged to have been assaulted and beaten was ten years old. Being offered as a witness for the State, she testified on her *voir dire* as follows: "That she went to Sunday school and to church, that she said her prayers and believed in God, and that if she told a story about this case, she would be put in jail, and when she died, she would go to the bad man, but that she did not know who would send her

to the bad man." That she was of sufficient intelligence apart from religious training to be admitted to testify is apparent from the foregoing and her other evidence in the case. Under the rule declared in all our adjudications, the circuit court properly allowed the child to testify.—*Kelly v. State,* 75 Ala. 21; *Brown v. State,* 72 Ala. 191; *Carter v. State,* 63 Ala. 52; *McKelton v. State,* 88 Ala. 181.

The name of the child prior to her adoption by Walker was Lucinda Breeden and she is so named in the indictment. The adoption had occurred only a short time—about one month—before the alleged assault. The child testified that her name was Breeden, and that she was always called by that name and was never called by the name of Walker. "Several other witnesses who stated that she was as well or better known by the name of Breeden than Walker." With this evidence in the case the court's rulings on objections to testimony and requests for instructions made by defendant having relation to the name of the child were free from error. Charge 5 refused to defendant in this connection is abstract, there being no evidence that the child was named, or known by the name of Breeder.

Charge 2 refused to defendant is incomplete and elliptical.

Charge 13 requested by defendant "has been repeatedly condemned by this court."—*Compton v. State,* 110 Ala. 24, 35.

The law does not require the exclusion of *every hypothesis* of innocenc, but only every *reasonable* hypothesis.

We find no error in this record, and the judgment of the circuit court must be affirmed.