## DRISKILL vs. THE STATE.

[INDICTMENT FOR PERJURY.]

1. *Indictment; right of accused to have copy of.*—It is the constitutional "right" of the defendant "in every criminal prosecution," by indictment, in this State, to demand the nature and cause of the accusation against him, and to have a copy thereof, before he can be compelled by the court to be put upon his trial.

2. *Venire; accused not entitled to have copy of, except in capital felonies.*—The accused has no "right," either by the constitution or by statute, to have a copy of the *venire*, or list of jurors summoned for his trial, delivered to him, except he be charged with a capital offense.

3. *Indictment, right to have copy of; may be waived.*—In felonies not capital, the constitutional right of the accused to have a copy of the indictment may be waived; and in the absence of statutory provisions regulating the same, will be held to be waived, if not made at the proper time.

4. *Same.*—The constitutional right of the accused to have a copy of the indictment, when demanded, in such cases, will not be held to be waived or prejudiced, because in the demand the accused also demanded a copy of the *venire*, to which he was not entitled.

APPEAL from Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

The facts upon which the case turns will be found in the opinion.

W. D. ROBERTS, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—Driskill, the appellant in this case, is indicted for perjury. The indictment was demurred to in the court below, and the demurrer was overruled. It is, however, in the form prescribed in the schedule of forms given in the Revised Code. Such forms are sufficient. Rev. Code, §§ 4139, 4141, 4142; *ib.* p. 812, No. 44. It was, then, not obnoxious to the demurrer, and the court did not err in overruling it.

Such a charge of perjury as that made in this case is a

felony, but it is not a capital offense.—Rev. Code, §§ 3541, 3557, 3558. A capital offense is such an one as subjects the person charged, upon conviction, to the punishment of · death,—1 Bouv. Law Dict. p. 240. In criminal trials the method of procedure must necessarily be regulated by the legislature. In this the constitution may limit the legislative authority, but it does not undertake to prescribe forms or the practice of the courts. This is evident from the reference which the constitution makes to the necessity of proceeding according to " the forms prescribed " by law, and by " due process of law."—Const. Ala. 1867, Art. 1, §§ 6, 9. In courts there is a method of procedure which is called practice, by which the thing to be done is fixed to be done in a certain way and at a certain time, and if it is not done at the time fixed by the practice of the court, is to be regarded as having been waived. In this way a party may waive any of his rights. And in such a case consent takes away the error, if the court has jurisdiction. Coke Litt. 126 ; 1 Bish. Cr. Prac. § 426. The constitution of this State declares that " in all criminal prosecutions, the accused *has a right* to be heard by himself and counsel, or either ; to demand the nature and cause of the accusation ; to have a copy thereof ; to be confronted by the witnesses against him ; to have compulsory process ·for obtaining witnesses in his favor ; and in all prosecutions by indictment or information, a speedy public trial by an impartial jury of the county or district in which the offense has been committed ; and that he shall not be compelled to give evidence against himself, or be deprived of his life, liberty, or property but by due course of law."—Const. 1867, Art. 1, § 8 ; Const. 1819, Art. 1, § 10 ; Toulm. Laws of Ala. p. 915 ; Aik. Dig. p. 30, § 10. In this case, it is supposed that the defendant in the court below based his demand for a copy of the indictment upon the section of the constitution above quoted. It is very clear that the constitution gives the right, but it does not forbid the party the power to waive it, nor does it fix the time or the manner that it shall be claimed or allowed. It has been left, then, to the courts to fix these particulars by their laws of practice, or to the legislature to regulate them by

statute. The only statute touching this question at all, is, in these words : " If the defendant is indicted for a capital offense, and is in actual confinement, a copy of the indictment and a list of the jurors summoned for his trial, including the regular jury, must be delivered to him at least one entire day before the day appointed for his trial. Rev. Code, § 4171. This statute does not include such a case as that under discussion. It establishes the rule only in capital felonies. This is not a capital felony, and this rule does not apply to it. But at the same time, it does not and can not dispense with the defendant's constitutional right " to have a copy" of the " accusation" against him. This right the defendant could not claim until he was arraigned ; because, until his arraignment he could not know the nature and cause of the accusation against him. Here, so soon as he had made his appearance in court, and before he was put upon his trial, he demanded a copy of the indictment. And it was refused him by the court. He had not then waived his right, and the court was bound not to refuse a copy of the indictment upon his demand. But it was refused, and in this the court erred.

The demand was for a copy of the indictment, and also for a copy of the *venire*. To this latter the defendant had no constitutional right, and it is not, in such a case as this, given by the statute. This latter demand was therefore properly refused. But it ought not to prejudice a right which was distinctly demanded, and justly due. That more was demanded than was allowed by law, upon the maxim that the useful is not to be vitiated by that which is worthless, should not operate to deny the demand that was proper. Where a constitutional right is involved, the courts are not to stand and dally about the inconvenience of its allowance. It is never inconvenient to obey the law, whatever delay it may occasion.

The action of the court on refusing the charges asked by the defendant on the trial below, may or may not have been erroneous. As there is no evidence given in the record, the presumption is that the evidence was such as justified their rejection.

The record shows that the sentence of conviction of the defendant in the court below has not been suspended, but that he has been sent to the penitentiary. Therefore, the judgment and order of this court is, that the judgment of conviction in the court below be reversed, and this cause be remanded for a new trial in the court below; and that in the mean time the warden of the penitentiary of this State, upon the presentation of a copy of this order, properly certified, to him, by the sheriff of the county of Coffee, in this State, or by his deputy, shall deliver the said Bill Driskill, the appellant in this cause, to the said sheriff or his deputy, who shall thereupon remand said Driskill to the jail of said county of Coffee aforesaid, and him (said Driskill) there safely keep until he is discharged by due course of law.