# Wade v. The State.

*Indictment for Carnal Abuse of Female Child.*

1. *Waiver of defective service of copy of indictment.* — Where the prisoner, charged with a capital offence, is served with an imperfect copy of the indictment against him (Rev. Code, § 41·71), which, though defective, is nevertheless sufficient to inform him of the nature and cause of the accusation against him; and pleads not guilty, and permits the jury to be empanelled, sworn, and charged with his trial, — he cannot object to proceeding with the trial on account of the defective service, when the prosecuting attorney offers to read the indictment to the jury.

2. *Competency of child as witness.* — A female child, eight years of age, upon whom the alleged criminal assault was made, is a competent witness for the prosecution, notwithstanding her tender years.

3. *Practice in examination of witnesses.* — In the examination of witnesses, much must necessarily be left to the discretion of the presiding judge in the court below, particularly in the case of a female child of tender years, who is offered as a witness to prove carnal abuse of her person; and this discretion will not be revised by the appellate court, unless it clearly appears to have been improperly exercised.

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. W. S. MUDD.

M. A. KING and S. A. M. WOOD, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — This is an indictment for the crime of carnal knowledge of a female under ten years of age, denounced in section 3663 of the Revised Code, as a crime. The accused was found guilty on the trial below, and sentenced to be hanged until he is dead, on Friday the 14th day of March, 1874. From this judgment he appeals to this court, and here complains of certain proceedings in the court below, which he insists were erroneous.

1. The first objection to the action of the court below is, that the accused was forced to a trial without the service of a perfect

[Wade v. State.]

copy of the indictment on him, as required by law. Rev. Code, § 4171 ; 45 Ala. 21. The bill of exceptions shows, that a jury was summoned after the prisoner was arraigned, duly empanelled, and sworn, and charged with the trial of the accused on his plea of not guilty ; and when the solicitor for the State read the indictment, to which the defendant had pleaded his plea of not guilty, he then objected to proceed with the trial, because the indictment which had been served on him was not a true copy of the indictment thus read to the jury. But the court overruled this objection, and the defendant excepted. This was not error. The defendant had pleaded to the charge on which he was arraigned. He must, therefore, have known the nature and cause of the accusation against him. This is all that the Constitution secures to him as a right. Const. Ala. Art. I. § 8 ; *Driskill* v. *The State*, 45 Ala. 21. After the jury is sworn, and empanelled, and charged with his trial, then the court is bound to go on and conclude the trial. To stop short of this, without the defendant's consent, entitles him to be discharged on a new trial. 45 Ala. 21, *supra ; Lyman's case*, 47 Ala. 686 ; 1 Bish. Cr. Law, § 856. The copy of the indictment is the mode that the legislature has directed by which the defendant shall have notice of the nature and cause of the accusation against him. This mode of service being legislative, he may waive it, or accept an imperfect copy of the indictment in lieu of a perfect one. A person accused of crime may waive any mere statutory right. In such a case as this, if he permits the trial to begin, so as to be put " in jeopardy," he will be held to waive service of a more perfect copy of the indictment than that which has been served upon him. Besides, I think the copy of the indictment in this case is sufficient to make known to the defendant the nature and cause of the accusation on which he was charged and had gone to trial. 1 Bish. C. L. 843 ; *Smith's case*, 8 Ohio, 294 ; *Lisle's case*, 6 Mo. 426 ; *Johnson's case*, Walker, Miss. R. 392.

2. The second objection named in the bill of exceptions rests upon the competency of the child, alleged to have been assaulted by the defendant, as a witness for the State. She was eight years old when she was examined. It is now said to be the established rule, as well in criminal as civil cases, that children of any age may be examined upon oath, if capable of distinguishing between good and evil, and possessing sufficient knowledge of the nature and consequences of an oath. 1 Phill. Ev. C. H. & E. Notes, p. 11, ed. 1859 ; 1 Greenl. Ev. 367. The child who had been outraged in this case showed sufficient intelligence to justify her examination as a witness. If children of any age, of sound mind and good sense, were excluded on account of their tender years, it would enable the most bar-

[Cates v. State.]

barous and inhuman offences to go unpunished. Under the direction of the court, an intelligent jury are not likely to err in giving due credit and force to the testimony of such a witness. And if this should happen, it is always within the power of the presiding judge to correct such a mistake by a new trial. There was no error in permitting the child to testify in this case.

3. The exceptions founded on the manner of the examination of the witness Agnes Willingham, as shown in the bill of exceptions, cannot be sustained. Obviously, the examination of witnesses, on all trials, is for the purpose of eliciting the truth. They are sworn to speak the truth, the whole truth, and nothing but the truth. 3 Bla. Com. 371; 1 Greenl. Ev. § 328; Rev. Code, § 2717. In attaining this end, a very large discretion must be allowed the presiding judge; and this the more particularly, where the witness is a mere child, and a female, under circumstances which are unaccustomed and greatly embarrassing to her. 1 Greenl. Ev. § 431. In such a case, if the age of the witness does not exceed eight years, this discretion will not be reviewed, unless there are fair reasons to believe that the witness, by such an examination, has been led into error. *Yorke* v. *Pease*, 2 Gray, 282; *State* v. *Lull*, 37 Maine, 246; 34 Maine, 240; *Steene* v. *Aylesworth*, 18 Conn. 244; *Budlong* v. *Van Nostrand*, 24 Barb. 25; *Moody* v. *Rowell*, 17 Pick. 498; *Vass* v. *Commonwealth*, 3 Leigh, 786.

The judgment of the court below is affirmed, and that court will see that the judgment and sentence against the appellant, said Hampton Wade, is carried into execution, unless in the mean time the said Hampton Wade is otherwise discharged by due course of law.