# Blankenshire *v.* The State.

*Prosecution for Wantonly Killing a Hog.*

1   *Criminal jurisdiction of County Court; appeal from justice's judgment.*—The act approved February 23d, 1881, conferring additional jurisdiction upon the County Court of Wilcox, and regulating the proceedings in that court (Session Acts 1880-81, p. 295), takes away from the Circuit Court all jurisdiction to try misdemeanors in that county, and confers it on said County Court; and this includes the power to entertain appeals from a judgment of conviction rendered by a justice of the peace in a criminal prosecution.

2.   *Affidavit and warrant; sufficiency of, in description of offense; amendment.*—In a criminal prosecution before a justice of the peace, an affidavit and warrant charging that the defendant "killed a hog, the property of A. B., worth about ten dollars, against the peace," &c., do not charge

[Blankenshire v. The State.]

any criminal offense whatever; but, no objection to the sufficiency of the affidavit or warrant being raised before the justice, and the case being carried by appeal into the Circuit or County Court, where the trial is to be had *de novo* (Code, § 4701), a complaint may be there filed, charging that the defendant, "within twelve months before the commencement of this prosecution, did unlawfully or wantonly kill, disable, or destroy one hog; the property of A. B.," &c.

From the County Court of Wilcox.
Tried before the Hon. JOHN PURIFOY.

J. A. MATTHESON, and R. GAILLARD, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The present prosecution was commenced and tried before a justice of the peace of Wilcox county, and carried by appeal from the justice's judgment to the County Court. The affidavit and warrant sued out, on which the trial and conviction were had before the justice, are defective, and fail to charge any offense known to the law. No objection for insufficiency of the affidavit or warrant is shown to have been made before the justice of the peace, but the trial appears to have been had on the merits alone. The charge in the original affidavit and warrant is, that defendant had "killed a hog, the property of Jacob Albritton, worth about ten dollars, against the peace and dignity of the State of Alabama." Under the act "To increase the criminal jurisdiction of justices of the peace and notaries public with like powers, in the counties of Lauderdale, Wilcox and Lawrence," approved January 25th, 1879 (Pamph. Acts, 220), justices of the peace have jurisdiction of all misdemeanors. When the case was appealed to the County Court, the solicitor was allowed, against the objection of defendant, to file a complaint in the following words: "The State of Alabama, by its solicitor, complains of Richard Blankenshire, that within twelve months before the commencement of this prosecution, he did unlawfully, or wantonly, kill, disable or destroy one hog, the property of Jacob Albritton, of the value of ten dollars." This amended charge, or complaint, sufficiently alleges a violation of section 4409 of the Code of 1876.

The sole question in this case is, did the County Court err in allowing this complaint to be filed.

The offense complained of in this case is charged to have been committed in August, 1881. On the 23d February, 1881, the act was approved, "To confer additional jurisdiction upon the County Court of Wilcox county, and to regulate the proceedings therein."—Pamph. Acts, 295. That act takes from the Circuit Court all jurisdiction for the trial of misdemeanors in

that county, and confers it upon the County Court. Among the provisions of the said statute are the following: Sec. 5. "That said County Court shall conform to the practice and rules of procedure of the Circuits Courts of this State." Sec. 11. "That all laws of a general nature, now in force, or that may be hereafter enacted, so far as the same apply to misdemeanors, unless the contrary be expressly provided, or as may be limited by this act, shall be held to apply and extend to said County Court." The act contains no limitation of the power and authority conferred on said County Court, by the section last above copied, which affects this case. Sec. 15. "That all appeals from said County Court shall be to the Supreme Court of Alabama," &c.

The direct result of this statute, as we have said, is to take from the Circuit Court of Wilcox county all power to hear and determine misdemeanors, and to confer on the County Court all the power and jurisdiction to try such offenses, theretofore exercised by the Circuit Court. Among the powers necessarily transferred, is the power to entertain appeals from a justice's judgment of conviction, conferred by section 4700-01 of the Code of 1876. To hold otherwise, would be to deny all right of appeal in such cases; for, manifestly, the Circuit Court could not entertain jurisdiction of misdemeanors, no matter how brought before it. Having jurisdiction—sole jurisdiction—of the appeal, that court, under the section of the statute copied above, will exercise all the powers the Circuit Court could exercise under the former system. "The trial, . . . . on appeal from a judgment rendered by a justice, shall be *de novo*, and shall be governed in all respects by the rules and regulations prescribed for the trial of appeals from the County Court."—Code, § 4701. Sections 4722 and 4729 of the Code of 1876 lay down the rules applicable to amendments in such cases. In *Tatum v. The State*, at the last term, we construed these sections, and held that "no objection could be made to any inaccuracy or imperfection in the proceedings" before the primary court. Under the authority of that case, and the sections of the Code therein construed, the amendment was rightly allowed, and the present record is free from error.

Affirmed.