(94 South. 188)

**BARNES v. CITY OF HUNTSVILLE.**
(8 Div. 880.)

(Court of Appeals of Alabama.   Oct. 24, 1922.)

1. **Municipal corporations  ⬤═639(1)—Affidavit charging violation of ordinance penalizing certain offenses held insufficient for indefiniteness to support conviction for operating slot machine.**

An affidavit charging violation of a city ordinance penalizing the commission of offenses declared misdemeanors by state law, within the limits prescribed by Code 1907, §. 1216, *held* null and void and insufficient to support a conviction of operating a slot machine, in that it did not point out what particular misdemeanor defendant was charged with; the law requiring that the offense committed be averred with certainty to a common intent.

2. **Municipal corporations  ⬤═642(4)—Defendant discharged on reversal of conviction where period of limitations had expired.**

On reversal of a conviction for operating a slot machine in violation of a city ordinance, where 12 months have elapsed since the commission of the alleged offense, so that further prosecution would be barred by the statute of limitations, judgment will be rendered discharging defendant.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

C. E. Barnes was convicted of operating a slot machine in violation of a city ordinance, and he appeals. Reversed and rendered.

R. E. Smith, of Huntsville, for appellant.

An affidavit charging an offense under ordinances enacted by municipal corporations must aver the adoption thereof and set forth the ordinance at length or the substance thereof, and it must aver the offense committed with certainty. 168 Ala. 195, 52 South. 742; 16 Ala. App. 389, 78 South. 167; 166 Ala. 612, 52 South. 347; 179 Ala. 97, 59 South. 597; 17 Ala. App. 15, 81 South. 351; 120 Miss. 883, 83 South. 313; 15 Ala. App. 606, 74 South. 730; 200 Ala. 424, 76 South. 358; 175 Ala. 260, 57 South. 29; 164 Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492.

Charles T. Grimmett, of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

MERRITT, J.  The appellant was convicted before the recorder of the city of Huntsville for operating a slot machine. On appeal to the circuit court, demurrers were sustained to the affidavit, and the city filed as an amendment a new affidavit which charged that the defendant was guilty of violating the following ordinance:

"Any person committing an offense in the city of Huntsville or within its police jurisdiction which is declared by any law or laws of the state of Alabama heretofore or hereafter enacted to be a misdemeanor shall upon conviction in the recorder's court be punished within the limits and as provided in section 1216 of the Code of Alabama."

[1] Demurrers to the amended affidavit were overruled, and in this there was error. Conceding, which we do not decide, that the ordinance set out in the amended affidavit is sufficient as a reference act, that is, to make misdemeanors under the state law, a violation of the city law, when committed within the jurisdiction of the city, yet the affidavit in no wise points out what particular misdemeanor or offense the defendant is charged with violating. Under the amended

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

affidavit the defendant could have been tried for a violation of any offense made a misdemeanor by the state law. The offense committed must be averred "with certainty to a common intent." Miles v. City of Montgomery. 17 Ala. App. 15, 81 South. 351.

The record contains another amendment, which was doubtless intended to cure the defects pointed out above, although demurrers had been overruled thereto; but it does not appear that this last amendment was ever made, in fact the judgment entry shows the trial of the case on the affidavit as first amended, the illegality of which has been pointed out above.

[2] The affidavit as amended, and upon which the defendant was tried, was null and void, charges no offense, and will not support a conviction. More than 12 months having elapsed since the commission of the alleged offense, any further attempt to proceed with the prosecution, would be barred by the statute of limitations; consequently it would be a useless thing to remand the case.

The judgment of conviction, in view of the above, is reversed, and one is here rendered discharging the defendant.

Reversed and rendered.

⊕—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes