(101 So. 523)
## TRIMBLE v. TOWN OF HALEYVILLE.
### (6 Div. 385.)

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 13, 1924.)

**1. Municipal corporations ⬳639(1) — Person charged with violation of ordinance entitled to written complaint.**

Person charged with violation of municipal ordinance is entitled, in municipal or mayor's court, to be apprised by written complaint of nature and character of proceeding instituted against him.

**2. Municipal corporations ⬳642(4)—Accused proceeding to trial, without demanding written complaint, waives it.**

Defendant, by proceeding to trial without demanding in municipal court written complaint,

thereby waives right to it, and cannot for first time take advantage of omission on appeal.

**3. Municipal corporations ⬳642(4) — Statement on appeal to circuit court should set out substance of ordinance violated.**

Statement of city attorney, filed in circuit court on appeal from conviction in municipal court for violation of ordinance, was defective, where it did not set out substance of ordinance and its adoption.

**4. Municipal corporations ⬳642(4) — Defective statement, on appeal to circuit court, held sufficient as against demurrer not specifying defect.**

Statement of attorney for city, on appeal to circuit court from municipal court, though only stating as conclusion violation of ordinance of town, was properly *held* sufficient as against demurrer not stating ground that substance of ordinance and adoption was not set out.

**5. Criminal law ⬳555—Conviction held not to rest upon evidence of detective enticing defendant to commit crime.**

Rule, that person cannot be convicted upon evidence of detective who procures and entices defendant to commit crime, does not apply, where proof of possession of intoxicating liquor was made by sheriff and police officer, neither of whom were shown to be connected with detective in question.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Prosecution by the Town of Haleyville against Priestly Trimble for violation of a prohibition ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Trimble, 211 Ala. 654, 101 So. 524.

The ordinance under which the prosecution was had is as follows:

"An Ordinance.

"Making violations of the state prohibition laws violations of town ordinances, etc., and providing for penalty therefor.

"Be it ordained by the town council of the town of Haleyville, Alabama:

"Section 1. That any person, firm, corporation, or association committing an offense in the town of Haleyville, or within the police jurisdiction thereof, which is declared to be a misdemeanor by any prohibition law or laws of the state of Alabama, enacted to promote temperance, and to suppress the evils of intemperance, shall, upon conviction, be fined not less than fifty, nor more than one hundred, dollars, and may be imprisoned or sentenced to hard labor for the town, not exceeding six months, one or both, at the discretion of the court, for the first conviction under this section, but for any subsequent conviction the fine shall not be less than one hundred dollars, and imprisonment in the town prison, or sentenced to hard labor for the town not less than three months, and not more than six months."

Curtis, Pennington & Pou, of Jasper, for appellant.

---

The complaint should have alleged, not only that the act charged was in violation of the ordinance, but also the provision or substance of the ordinance, and that same had been duly adopted prior to the commission of the offense charged. Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351; Barnes v. City of Huntsville, 18 Ala. App. 646, 94 So. 188; Allen v. Town of Thomaston, 17 Ala. App. 16, 81 So. 352; Rosenberg v. City of Selma, 168 Ala. 195, 52 So. 742. An ordinance which provides that certain laws of the state are adopted by the town by simply referring to the statute, as was done in this case, is void. Kreulhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492; City of Birmingham v. Edwards, 18 Ala. App. 459, 93 So. 233. A person cannot be convicted upon the evidence of a detective who procures and entices the defendant to commit the crime for the purpose of having him arrested and prosecuted. Saunders v. People, 38 Mich. 218; Connor v. People, 18 Colo. 373, 33 P. 159, 25 L. R. A. 341, 36 Am. St. Rep. 300; 8 R. C. L. 129; Peterson v. U. S., 255 Fed. 433, 166 C. C. A. 509; Butts v. U. S. (C. C. A.) 273 Fed. 35, 18 A. L. R. 143; Taylor v. U. S., 193 Fed. 968, 113 C. C. A. 543; U. S. v. Healy (D. C.) 202 Fed. 349; U. S. v. Echols (D. C.) 253 Fed. 862; Speiden v. State, 3 Tex. App. 156, 30 Am. Rep. 126.

Chester Tubb, of Haleyville, for appellee.

Defendant having submitted himself to trial in the mayor's court without objection to the complaint, waived objection thereto. Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725; Turner v. Lineville, 2 Ala. App. 454, 56 So. 603; Code 1907, §§ 1451, 6723. The demurrer failed to point the defect of the complaint and the trial court will not be reversed for its ruling thereon. Bell v. Jonesboro, 3 Ala. App. 652, 57 So. 138. The ordinance is valid. City of Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730; Ex parte Davis, 200 Ala. 436, 76 So. 368; S.-S. S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29. The evidence justified defendant's conviction. Strother v. State, 15 Ala. App. 106, 72 So. 566; Borck v. State (Ala. Sup.) 39 So. 580.

SAMFORD, J. [1-4] A person charged with the violation of a municipal ordinance is entitled, in the municipal or mayor's court, "to be apprised of the nature and character of the proceeding instituted against him by a written complaint." But if, being so accused, a defendant proceeds to trial without demanding, in the municipal court, a written complaint, setting forth the accusation against him, he must be held to have waived the right, and cannot for the first time take advantage of such omission on appeal. Mc-

Kinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629. The statement of the attorney for the city, filed in the circuit court, was defective, in that it did not set out the substance of the ordinance of the city and its adoption. Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351; Barnes v. City of Huntsville, 18 Ala. App. 646, 94 So. 188. But the statement was not objected to on that ground, and stating, as it does, though only as a conclusion, a violation of an ordinance of the town of Haleyville, and no sufficient grounds of demurrer having been filed, the demurrer as filed was properly overruled. Dowling v. City of Troy, 1 Ala. App. 508, 56 So. 116; Fealey v. City of Birmingham, 15 Ala. App. 367, 73 So. 296.

The ordinance introduced in evidence is not the same as that passed on in the Kreulhaus Case, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492. This ordinance is valid. City of Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730; Ex parte Davis, 200 Ala. 436, 76 So. 368.

[5] We have given careful consideration to the third contention of appellant that:

"A person cannot be convicted upon the evidence of a detective who procures and entices the defendant to commit the crime, for the purpose of having him arrested and prosecuted."

The authorities cited are from jurisdictions of high standing, and would be applicable, if the facts of this case were analogous to those cases. Here the conviction does not rest or depend on the testimony of the detective. The charge is the possession of whisky, within the police jurisdiction of Haleyville. The proof of this possession was made by the sheriff and a police officer, neither of whom were shown to be connected with Smith, the detective. The whisky was found, by the officers, in the possession of defendant.

The foregoing are the only assignments of error insisted on in brief. The remainder are waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.