(109 So. 387)

### SMALLWOOD v. STATE.   (8 Div. 463.)

(Court of Appeals of Alabama.   June 15, 1926.
Rehearing Denied June 29, 1926.)

**1. Criminal law ⚖=351(3).**

Proof of flight of defendant, charged with distilling liquor, is relevant.

**2. Criminal law ⚖=351(3).**

In prosecution for distilling, evidence that deputy searched for defendant and failed to find him for 15 months *held* admissible.

**3. Criminal law ⚖=396(2).**

Statement by defendant to deputy on arrest for distilling as to raid near his house when he was not at home *held* admissible, as part of conversation brought out by defendant on cross-examination.

**4. Criminal law ⚖=752.**

Where evidence was sufficient to authorize conviction for distilling liquor, motion to exclude all state's evidence was properly overruled.

**5. Criminal law ⚖=1054(1).**

Where no answer was made to questions objected to, and no exception was reserved, no error is presented for review.

**6. Intoxicating liquors ⚖=238(1).**

Affirmative charges, in prosecution for distilling liquor, *held* properly refused, where evidence was in conflict.

**7. Criminal law ⚖=763, 764(8).**

Charge that burden is on state to prove possession of complete still and to acquit if one essential part of still was missing *held* properly refused, as invasive of province of jury, under Code 1923, § 4657.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Fenn Smallwood was convicted of distilling, and he appeals. Affirmed.

Charge 4, refused to defendant, is as follows:

"(4) The court charges the jury that the burden is upon the state to prove beyond all reasonable doubt to each and every one of you that the defendant possessed a complete still for the purpose of manufacturing prohibited liquors, and, if it is shown that one of the essential parts of the still was missing, then you cannot convict the defendant of possessing a still."

P. W. Shumate, of Guntersville, for appellant.

The evidence was insufficient to sustain a conviction. Gipson v. State, ante, p. 277, 107 So. 327; Leith v. State, 20 Ala. App. 251, 101 So. 336; Burnett v. State, ante, p. 274, 107 So. 321. Charge 4 should have been given. Scott v. State, 20 Ala. App. 360, 102 So. 152; Dabbs v. State, 20 Ala. App. 167, 101 So. 220; Gamble v. State, 19 Ala. App. 82, 95 So. 202.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J.   [1] After laying the proper predicate, the solicitor, over the objection of defendant, was allowed to ask a state's witness whether the defendant had said anything about leaving the country after the raid of the still here in question. The witness answered:

"Yes, sir; I asked him why he ran away from the officer that went down there to arrest him, and he said he was not ready to be tried."

The court overruled a motion to exclude this answer, and exception was taken. Proof of flight of the defendant is relevant evidence, which, if not explained to the satisfaction of the jury, may be taken as a circumstance against him.

[2] The solicitor was permitted to prove by the deputy, Bill Coleman, that he (Coleman) was back in that community after that; that he made search for defendant and did not find him; and that it was 15 months until witness saw defendant again. This evidence was admissible as tending to prove flight.

[3] On the day defendant was arrested, defendant said to the deputy, in a conversation, a part of which had been brought out by defendant, that they raided a still there near his (defendant's) house and he was not at home that day. This was admissible as a part of the same conversation brought out by defendant on cross-examination.

[4] The seventh assignment of error is based upon the court's refusal to grant defendant's motion to exclude all of the state's evidence. We have examined the testimony and find no difficulty in reaching the conclusion that there was ample evidence to authorize the jury to return a verdict of guilt. The motion to exclude was properly overruled.

[5] The eighth assignment of error is not sustained by the record. The question was asked witness Short by the solicitor on cross-examination: "Are you and Fenn indicted for this distilling?" Objection was interpos-

ed, but there was no such ruling by the court on the objection as can be here reviewed. No answer was given to the question and no exception was reserved.

[6] Refused charges 1, 2, and 3 were affirmative charges, and as the evidence was in conflict these charges were properly refused.

[7] Under section 4657 of the Code of 1923, refused charge 4 is invasive of the province of the jury.

After carefully reading this entire record, the court is of the opinion that the trial court did not err in overruling the motion for a new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.