20 So.2d 115

**BROOKS v. CITY OF BIRMINGHAM.**

**6 Div. 47.**

Court of Appeals of Alabama.

Nov. 14, 1944.

Rehearing Denied Nov. 28, 1944.

Wm. Conway, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

CARR, Judge.

This case originated in the Recorder's Court of the City of Birmingham, Alabama, where appellant was convicted for the violation of a city ordinance which may be generally termed a lottery law. He appealed to the circuit court of said county and, upon judgment of conviction and sentence there, he appealed to this court.

In the circuit court the city attorney filed a complaint as follows: "Comes the City of Birmingham, Alabama, a municipal corporation and complains that George Brooks within twelve months before the beginning of this prosecution and within the police jurisdiction of said City of Birmingham, Alabama, did possess tickets, writings, papers, slips, documents, or memorandum of a kind which are customarily or usually used in the operation of a lottery, policy game, or other game of chance, contrary to and in violation of Ordinance #258-F, adopted by the Commission of the City of Birmingham, Alabama, January 25, 1938."

To this complaint appellant filed a motion to strike and also demurrers, both of which were overruled by the trial court. This ruling occasions the insistence of appellant's Assignments of Error 1 and 2.

With minor exceptions both methods of attacking the complaint raise the same questions and therefore will be treated jointly.

 It is insisted that the complaint is not sufficient. The identical question was before this court in the very recent case of Stinson v. City of Birmingham, 20 So. 2d 113, wherein we held contra to the contentions of appellant. We see no occasion or necessity for repetition here.

It is also urged that the complaint is not founded on a warrant or sworn complaint and the city seeks to put the appellant to trial upon the mere statement of the city attorney unsupported by affidavit.

The record in the case shows only the appeal bond from the recorder's court to the circuit court so far as the proceedings in the recorder's court are indicated.

 Sec. 6, Article I of our State Constitution confers certain rights, protections and privileges to persons accused of criminal infractions. It is the grave duty of all courts to vigilantly and cautiously safeguard these sacred securities. This section of the Constitution does not attempt to prescribe the method and manner of procedure in criminal trials. It is left to the Legislature to regulate forms or practice of the courts. In this, of course, the Constitution may limit the legislative authority. In the interpretation of these legislative enactments our courts have consistently held that in cases where these privileges are not exercised in conformity to the prescribed rules of practice the accused will be charged with having waived his constitutional favors. No one should be privileged to take advantage of his own default when it is beyond the power of the court to correct the insistence. There is no distinction between criminal and quasi-criminal cases in this particular. Barron v. City of Anniston, 157 Ala. 399, 48 So. 58.

In the case of McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629, 630, it is held: "A party accused of a violation of a municipal ordinance is entitled in the *municipal* court 'to be apprised of the nature and character of the proceeding instituted against him by a written complaint.' Mayor and Aldermen of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836 [13 Ann.

Cas. 1131]. But, if one so accused proceed to trial without demanding, *in the municipal court,* a written complaint, setting forth the accusation against him, he must be held to have waived the right and cannot for the first time avail of it *on appeal."* (Emphasis ours.)

In the case of Aderhold v. Mayor and City Council of Anniston, 99 Ala. 521, 12 So. 472, the court had under consideration the action of the trial court in overruling a motion to strike the complaint and demurrers filed thereto in the city court. It is there stated: "Not having raised these objections in the recorder's court, but having there voluntarily appeared to answer the charge, and having pleaded and gone to trial, the defendant waived them, if they existed, and could not raise them for the first time in the city court, on a motion to quash." It appears that the holding in this case is conclusive of the contention here.

To like effect are the following cases: Borok v. City of Birmingham, 191 Ala. 75, 67 So. 389, Ann.Cas.1916C, 1061; Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725; Trimble v. Town of Haleyville, 20 Ala.App. 13, 101 So. 523; Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603; Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296; Blankenshire v. State, 70 Ala. 10; Johnson v. State, 105 Ala. 113, 17 So. 99; Driskill v. State, 45 Ala. 21.

We hold, therefore, that the motion to strike and the demurrers to the complaint were correctly overruled.

The testimonial evidence for the appellee consisted of two witnesses, Officers Goldstein and Smith. The appellant did not introduce any evidence. The two officers went to Room 28 at the Dunbar Hotel in the City of Birmingham. There they found the defendant calling out numbers to one Gracie Lee Kidd, who was writing them down in a book, sitting at a little table by the side of the bed. The officers found in the same room a number of papers, books, memoranda and writings, including $8.18 in money. These papers, etc., were introduced in evidence at the trial in the circuit court and forwarded to this court for inspection. It is impossible to accurately describe these exhibits. In the main they are note books and slips of paper on which are written, with a lead pencil, hundreds of numerals in digits from four to ten. There was also found, and we have it before us, a book titled: "Three Wise Men. A Real Dream Book—1940 Edition."

This "Dream Book" contains fifty pages of very small type-printed words and numerals. On the inside of the cover directions are given. We quote one paragraph: "The numbers are not a bad risk providing you do not lose your head and plunge. Adopt a policy of not playing more than you can afford to play each day. Because invariably your number will come out when you have a penny on it and miss when you bust your vest."

Officer Goldstein testified that for six years he had been assigned to the gambling squad for the City of Birmingham and had several opportunities to investigate the operation of lotteries; that the papers and writings found in defendant's room and introduced in evidence "are suitable for and which are customarily and usually used in the operation of a lottery." Reynolds v. State, 29 Ala.App. 139, 193 So. 192. The appellant admitted to the officers at the time of the arrest that he was "a writer for the Bug Lottery." Without doubt the evidence in this case made a question for the jury's decision.

This is conclusive of the insistence in assignments of error numbered 3, 5, 6 and 10. Smallwood v. State, 21 Ala.App. 468, 109 So. 387; Tarver v. State, 17 Ala.App. 424, 85 So. 855.

Appellant's written charge No. 1 would determine guilt upon the testimony of Officer Goldstein alone. Its refusal was proper as applied to the case at bar, and therefore appellant's assignment of error No. 4 is without merit. McKinstry v. City of Tuscaloosa, supra; McCoy v. State, 232 Ala. 104, 166 So. 769.

Written charge No. N–5 was refused to appellant. This charge states the law applicable to a conviction on circumstantial evidence. It is therein assumed that all the evidence in this case is circumstantial. This is not the fact as disclosed by the evidence. Its refusal was correct and appellant's assignment of error No. 7 cannot be sustained. Coleman v. State, 87 Ala. 14, 6 So. 290; Cotton v. State, 87 Ala. 75, 6 So. 396; McCoy v. State, 170 Ala. 10, 54 So. 428.

In appellant's brief filed in this cause a very short statement is made in aid of assignment of error No. 8, but no authorities are cited in support thereof. Any reference to assignment of error No. 9 is omitted from the brief. These insis-

tences, therefore, must be taken as being waived. Johnson v. State, 152 Ala. 93, 44 So. 671; Rosenau v. Powell, 184 Ala. 396, 63 So. 1020; Western Ry. of Alabama v. Russell, Admr., 144 Ala. 142, 39 So. 311, 113 Am.St.Rep. 24; Scarbrough v. Borders & Co., 115 Ala. 436, 22 So. 180.

This concludes a consideration of all matters before this court on this appeal. We are of the opinion that the cause is due to be affirmed and it is so ordered.

Affirmed