41 So.2d 431

## BILLINGSLEY v. STATE.

### 6 Div. 783.

Court of Appeals of Alabama.

May 10, 1949.

Rehearing Denied June 21, 1949.

Geo. E. Trawick, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

In July 1948 this appellant was convicted in the Jefferson County Court of Misdemeanors on a complaint charging that he did set up, carry on, or was concerned in setting up or carrying on a lottery or device of like kind, or gift enterprise, or a scheme in the nature of a lottery or gift enterprise; or did sell or dispose of a lottery or gift enterprise ticket, or was interested in selling or disposing of such a ticket, against the peace and dignity of the State of Alabama.

From his conviction in the above court appellant perfected his appeal to the Circuit Court for the Tenth Judicial Circuit.

In the circuit court a Solicitor's complaint was filed substantially identical with the complaint filed in the Jefferson County Court of Misdemeanors.

In the circuit court the appellant filed a plea to the jurisdiction of the circuit court, a plea of former jeopardy, and a plea of autrefois convict. These three pleas all go to the same point, namely that on the 12th of July 1948, the appellant was tried and convicted in the Recorder's Court of the City of Birmingham of the offense of violating the Lottery Law of the City of Birmingham, which offense arose from the same set of facts upon which the State bases its prosecution in the present case.

The demurrers filed by the State to these pleas were sustained.

The court's action in the premises was correct.

 The law in regard to separate prosecutions by a municipality and by the State for an act prohibited by both a municipal ordinance and the State law was clearly stated by Bricken, Judge, now Presiding Judge of this court in Bell v. State, 16 Ala. App. 36, 75 So. 181, certiorari denied 200 Ala. 364, 76 So. 1, as follows: "Prior to the adoption of the Code of 1907 (which, under section 1222 thereof, made an acquittal or conviction in municipal court for misdemeanor or for violation of an ordinance committed within the police jurisdiction of the municipality a bar to a prosecution for the same offense in the state courts) the rule, long followed and firmly established, was that a judgment in a municipal or recorder's court was not pleadable in defense to a prosecution of the same offense in the state courts. Engelhardt v. State, 88 Ala. 100, 7 So. 154; Mayor, [etc., of City of Mobile] v. Allaire, 14 Ala. 400; Harris v. State, 128 Ala. 41, 29 So. 581; Mayor [etc., of City of Talladega] v. Fitzpatrick, 133 Ala. [613], 616, 32 So. 252; Moses v. Mayor [etc., of City of Mobile], 52 Ala. [198] 207. However, the adoption of section 1222 in the Code of Alabama of 1907 changed this rule and made a judgment in a recorder's court a bar to a prosecution in the state court for the same offense. This law continued in effect until the Legislature of 1915, on the 22d day of September, 1915, amended section 1222 of the Code by eliminating that clause providing that a judgment in the recorder's court should bar prosecution for the same or substantially the same offense in the state courts. The elimination of this clause put the law back to the original

status and made the cases above cited applicable to the case at bar. Acts 1915, p. 724. It therefore follows that the court's action in sustaining the state's demurrers was without error. Johns v. State, 13 Ala. App. 283, 69 So. 259."

To the same effect is Slayton v. State, 31 Ala.App. 622, 21 So.2d 122.

▆ The evidence produced by the State was abundant in its tendencies to sustain the verdict of guilty returned by the jury in the trial below. The defense offered no evidence.

The picture presented in this case is strikingly similar to the facts contained in the case of Richmond v. State, 28 Ala.App. 562, 189 So. 914. Further the principles which led this court to an affirmance of that cause have a neat application to the present case, and we therefore affirm this case on the authority of the Richmond case, supra.

Affirmed.

BRICKEN, Presiding Judge, not sitting.