51 So.2d 271

## WHITE v. CITY OF BIRMINGHAM.

### 6 Div. 18.

Court of Appeals of Alabama.

March 13, 1951.

Gibson & Hewitt, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

CARR, Presiding Judge.

In the court below the accused was convicted of a violation of Sec. 600 of the General City Code of the City of Birmingham, Alabama of 1944, or what is generally known as the Birmingham "lottery law."

The constitutionality of the ordinance has been sustained in the recent cases of Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761,[1] certiorari denied 254 Ala. 515, 48 So.2d 768; City of Birmingham v. Reed, ante, p. 31, 44 So.2d 607.

In his preliminary statement to the jury the trial judge said in part: "May I say to this panel of the jury that this case comes to you by way of an appeal from the Recorder's Court into the Circuit Court."

Appellant's counsel made a motion to discharge the venire because of such statement.

Clearly the trial judge did not exceed his right in making this explanation to the jury. Fiorella v. City of Birmingham, supra.

Officer Goldstein, who qualified as an expert, was permitted to state that the writings, books, and pads exhibited to him were customarily or usually used in the operation of a lottery and were suitable for that purpose.

This court has reviewed this identical question in prior opinions and held that it was not error to allow the affirmative answer to this question. Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d

1. Ante, p. 384.

612

115; Ford v. City of Birmingham, ante, p. 371, 47 So.2d 287.

We have responded to each question presented for our review.

The judgment of the court below is ordered affirmed.

Affirmed.