53 So.2d 394

## PIKE v. CITY OF BIRMINGHAM.
### 6 Div. 55.

Court of Appeals of Alabama.
March 27, 1951.

Rehearing Denied April 10, 1951.

Gibson & Hewitt, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

HARWOOD, Judge.

Appellant was first convicted in the Recorder's Court of the City of Birmingham of violating Ordinance 600 of the City of Birmingham, pertaining to lotteries.

On appeal to the Circuit Court of Jefferson County from this conviction he was again found guilty.

In the circuit court the appellant filed a plea of autrefois convict, in which he alleged that he had heretofore been convicted in the Jefferson County Court of Misdemeanors on a charge of vagrancy, contrary to the laws of the State of Alabama.

The City demurred to this plea, and the demurrer was sustained.

▆▆ Pretermitting entirely consideration as to whether the plea would be valid had the prosecution been by the same sovereign, it is now settled that where an offense constitutes a violation of both a city ordinance and a State law, prosecution by one of the offended sovereigns will not bar a prosecution by the other. Billingsley v. State, 34 Ala.App. 475, 41 So.2d 431; Bell v. State, 16 Ala.App. 36, 75 So. 181, certiorari denied 200 Ala. 364, 76 So. 1. The demurrer to the defendant's plea of autrefois convict was therefore properly sustained.

On direct examination Mr. Goldstein, a witness for the City testified that at the time of his arrest appellant had stated that "if Sam Fiorella hadn't stopped to get a bottle of whiskey they would have been through checking and gone before we got there."

During the cross examination of the witness Goldstein the record shows the following:

"Q. I will ask just, if you know Mr. Goldstein—just tell us your answer Mr. Goldstein—go back over it; if you didn't testify down in Recorders Court, on the 27th of June, 1949, in this case, to this:

"Question: 'What did Mr. Pike say?'

"Answer: 'He said if Hunt hadn't stopped, and, if they hadn't stopped for a drink that they would have been away.'

"Now, you testified to that—I will ask you if you testified to that down there on that occasion? That is your name right there?

"A. That is right, that is the way—he got it down wrong.

"Q. He got it down wrong did he? A. Yes.

"Q. Well, in other words you didn't say that?

"A. I didn't say it the way he has got it written down there. He should have Fiorella's name where he got Hunt.

"Mr. Gibson: All right, that is all.

"Re-Direct Examination.

"Q. (By Mr. Brown:) Now, vouching for the accuracy of this testimony that Mr. Gibson has just testified to, I will ask you to read the testimony and if this question wasn't asked, you made a statement—if you didn't state down there, while there, 'Mr.

Fiorella stated, if we had been ten minutes later they would have been gone, that they were just about through checking up there?' "

The above question, over defendant's objection and exception was answered in the affirmative.

 As we interpret this portion of the record, the witness was merely questioned about another portion of his testimony in the Recorder's Court. A part of Goldstein's testimony in that hearing having been injected into evidence by the defendant, it was not error to permit the City to inquire into other portions of Goldstein's testimony in that proceeding. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; certiorari denied 243 Ala. 671, 11 So.2d 568.

This also did not amount to a bolstering of Goldstein's testimony. The entire excerpt of the record shows that it was but an explanation by Goldstein of an alleged contradiction in the transcript of his previous testimony after Goldstein admitted the transcript of the former proceedings were as stated by defendant's counsel.

Furthermore, we cannot see that the defendant could have been probably injured in his substantial rights in any event. Detective Ray, for the City, had testified that at the time of his arrest appellant had stated that if the officers "had been ten minutes later we would have been gone." It seems to have been the general opinion of appellant that he missed arrest by a ten minute delay. Whether Hunt, or "they," or "Fiorella" stopped for a drink was immaterial, the testimony as to the statements concerning the delay being undisputed and uncontradicted.

Over the defendant's objection Officer Goldstein, who qualified as an expert was permitted to state that certain writings seized at the time of defendant's arrest, were of a kind customarily or usually used in the operation of a lottery. No error resulted in this ruling. Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115; White v. City of Birmingham, 35 Ala.App. 611, 51 So.2d 271.

Appellant's remaining assignments of error question the constitutionality of Ordinance 600 of the City of Birmingham. These contentions have received considerable attention from us in recent months, and have been decided adversely to appellant's contentions. We will not write further to them. Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761,[1] certiorari denied 254 Ala. 515, 48 So.2d 768; City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607.

The evidence submitted by the City was abundant in its tendencies to sustain the offense charged. The appellant submitted no evidence in the trial below.

Affirmed.

### On Rehearing.

On application for rehearing appellant's counsel requests that we write to the court's ruling sustaining the city's objection to a question propounded to Detective Goldstein as to whether a full page advertisement in a daily paper pertaining to the third annual puzzle contest of the Disabled American Veteran's Service Foundation constituted a lottery.

The principle of law sustaining the court's ruling in this instance was discussed in Fiorella v. State, supra, in paragraphs numbered (10, 11) in the report of this decision. We do not think that a further discussion is here indicated.

Application denied.