52 So.2d 396

## DOTSON v. CITY OF BIRMINGHAM.

6 Div. 170.

Court of Appeals of Alabama.
May 8, 1951.

Gibson & Hewitt, Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

HARWOOD, Judge.

On his appeal to the circuit court from his conviction in the Recorder's Court of the City of Birmingham this appellant was again found guilty of violating the lottery ordinance of the City of Birmingham. Sec. 600 of Code of City of Birmingham.

The jury returned the following verdict: "We the jury find the defendant guilty as charged in the complaint."

This verdict was obviously in proper form.

Appellant has argued 5 assignments of error as a basis of reversal of this cause.

Assignment No. 1 asserts that the court erred in overruling his demurrers to the complaint, which demurrers allege in various grounds the unconstitutionality of Ordinance 600, supra. This point has been decided adversely to appellant's contentions in numerous recent decisions. Further discussion is not indicated. See Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761; City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607.

Assignments No. 4 and 5 assert that the court erred in imposing a sentence on the appellant for the reason that the verdict of the jury was void in that the jury in their verdict should have imposed the punishment.

[1] Ante, p. 72.

[2] 35 Ala.App. 384.

This contention is without merit. It is now well settled that in cases of the nature of the present one the power is in the trial court, and not the jury, to impose a sentence of hard labor, as was done in this case. Nix v. City of Andalusia, 21 Ala. App. 439, 109 So. 182; Johnson v. City of Jasper, 35 Ala.App. 82, 43 So.2d 843; Smith v. City of Birmingham, ante, p. 72, 52 So. 2d 394.

Assignment No. 6 challenges the court's ruling in allowing a city's witness, qualified as an expert by virtue of long service on the gambling detail of the Birmingham Police Department, to answer the following question: "Q. After examining that, based on your experience and observation, is that (certain papers seized on appellant at time of his arrest) such as is customarily used in the operation of a lottery?"

The court's ruling in the premises was correct. Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115; White v. City of Birmingham, 35 Ala.App. 611, 51 So.2d. 271.

Assignment No. 7 relates to the court's ruling denying defendant's motion for a mistrial because of alleged improper argument of the prosecutor.

The record asserts that the argument was in answer to defense counsel, and statements by the prosecutor so allege. Be that as it may the portion of the argument set out is too fragmentary and meaningless to invite an intelligent review.

Affirmed.