Appellant, Cynthia Diane Hosmer, was found guilty of driving while under the influence of alcohol (D.U.I.) and driving with a suspended license, in violation of the City of Mountain Brook municipal Ordinance Number 796 (§ 1-6.1),[1] which adopts §§32-5A-191 and 32-5A-195, respectively, Code of Alabama 1975, as offenses against the City of Mountain Brook. In the D.U.I. case, appellant was sentenced to a two-day jail term, which was suspended, and was fined $400 and court costs of $88.50. For the driving with a suspended license conviction, appellant was fined $100 and court costs of $88.50.
On October 24, 1984, at approximately 4:35 a.m., Officers Ken Jones and Chris Graves of the Mountain Brook Police Department *Page 1039 
were on routine patrol when they observed appellant's vehicle "weaving in and out of her traffic lane." The vehicle was stopped and appellant "fell back against the car when she stood up." The officers detected the odor of alcoholic beverage about appellant's person and she staggered when she walked. In the officers' opinions, appellant was under the influence of alcohol to the extent that a field sobriety test was unnecessary.
Appellant was transported to police headquarters, where she agreed to take a breath test; however, after repeated attempts, appellant would not "give an adequate sample." Appellant was subsequently charged with D.U.I. A driver's license check revealed that appellant's driver's license was suspended, and she was also charged with driving with a suspended license.
Appellant testified in her own defense and admitted drinking one "White Russian" and a small portion of a second. According to appellant, she had had surgery approximately five months prior to her arrest, and a tube had been placed in her esophagus. During the course of the evening, appellant had eaten a small piece of chicken which had become lodged in the tube. While appellant was driving the vehicle, she began to choke so she reached for a coffee cup. These actions caused her to weave her vehicle in and out of her lane. Appellant attempted, to no avail, to explain this to the officers. She was unable to give an adequate breath sample because she was still choking when asked to blow into the sample collector. She was not allowed to clear the food from her throat until after she had repeatedly failed to give an adequate breath sample.
Appellant first contends that the Uniform Traffic Ticket and Complaint (U.T.T.C.) was "fatally defective" because it failed to specify the violation of a municipal ordinance on appellant's copy of the U.T.T.C. which she received at the scene. Officer Jones testified that when he originally issued the D.U.I. ticket to appellant, he indicated on the ticket that appellant had violated § 32-5A-191. The next day, prior to the court's copy of the U.T.T.C. being sworn to, the magistrate informed Jones that the municipal ordinance which appellant violated must also be indicated. The magistrate then, on the court's copy and in the officer's presence, wrote the citation to the municipal ordinance which adopted § 32-5A-191 and checked the municipal ordinance box provided on the U.T.T.C. Appellant now contends that the U.T.T.C. was materially altered and, therefore, void because it did not apprise appellant of the charge against her since her copy of the U.T.T.C. did not contain the additional information.
In Ex parte City of Dothan, 501 So.2d 1136 (Ala. 1986), the Alabama Supreme Court reviewed its prior decision in Ex parteDison, 469 So.2d 662 (Ala. 1984), and determined that Dison had been incorrectly decided. In overruling Dison, the court, inCity of Dothan, discussed a number of cases dealing with prosecution initiated at an inferior trial court level and appealed for a trial de novo. The court noted, as follows:
 "A similar line of cases has held that, where a defendant has proceeded to trial in an inferior court without demanding a written complaint of the accusation against him, then that defect in the proceeding is deemed to have been waived. In the case of Aderhold v. City of Anniston, 99 Ala. 521, 12 So. 472 (1892), the defendant was arrested without any affidavit being made or an arrest warrant being issued. In the recorder's court (the inferior trial court), the defendant pleaded not guilty, was tried, and was convicted. On appeal to the city court, the defendant argued for the first time that because the prosecution was begun without an affidavit or warrant he could not be tried for the offense. This Court held that, 'not having raised those objections in the Recorder's Court, but having there voluntarily appeared to answer the charge, and having pleaded and gone to trial, the defendant waived them . . .' 99 Ala. at 523, 12 So. at 472. Accord, City of Birmingham v. O'Hearn, 149 Ala. 307, 309-310, 42 So. 836, 836-37 (1906); *Page 1040 Brooks v. City of Birmingham, 31 Ala. App. 579, 581-82, 20 So.2d 115, 116-17 (1944)."
After a review of various other authorities, the court concluded, "[T]he cases we have cited stand for the proposition that a defendant can waive his right to have an affidavit free from irregularities and can waive his right to have any written statement informing him of the accusation against him, if he does not object to those defects at trial." Id.
Among the cases cited as authority for the decision inCity of Dothan is Blankenshire v. State, 70 Ala. 10, 11 (1881), in which the affidavit and warrant failed "to charge any offense known to the law." No objections were raised regarding the affidavit and warrant in the inferior court trial. Id. In the de novo trial in the county court, the solicitor was allowed, over the defendant's objection, to file a properly stated complaint which charged an offense. Id. The Alabama Supreme Court held "that 'no objection could be made to any inaccuracy or imperfection in the proceedings before the primary court.' " Id. at 12.
In the present case, appellant voluntarily appeared in district court, pleaded not guilty, and proceeded to trial. From the record before us, we find no objection to the inconsistency between the court's U.T.T.C. form and the one given to appellant until after the cause had been appealed to the circuit court for a trial de novo and a proper complaint had been filed by the district attorney. The court noted inCity of Dothan, 501 So.2d at 1138, relying on Chaney v. City ofBirmingham, 246 Ala. 147, 151, 21 So.2d 263, 267-68 (1944), " 'In order to abate the proceedings in the appellate court because of the lack of an affidavit before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when the accused was arraigned and tried in the recorder's court.'"
Based on the foregoing authorities, we hold that appellant waived any possible objections to the form of the defendant's personal copy of the U.T.T.C. and, therefore, we decline to address the issue raised by appellant at this time.
Appellant's second contention, that the municipal ordinance was never pleaded or proven is equally without merit, for the transcript affirmatively establishes that the municipal ordinance was pleaded in the solicitor's complaint and introduced into evidence at trial, without objection.
We have reviewed the remaining contentions raised by appellant and find that they are without merit, pursuant to our holding in this opinion, or have been previously resolved by other opinions of this court and the Alabama Supreme Court.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] Section 1-6.1 declares that all acts or omissions which are misdemeanors under the laws of the State of Alabama, are offenses against the City of Mountain Brook and that it shall be unlawful for any person to commit such offense within the corporate limits of the City of Mountain Brook.