MONTIEL, Judge.
The appellant, Thomas Leon Garner, appeals from the trial court’s denial of his petition for post-conviction relief, filed pursuant to Rule 32, A.R.Crim.P. Garner was convicted of driving under the influence of alcohol in August 1986 following a bench trial in municipal court in the City of Brewton. He did not appeal the conviction. Garner filed his Rule 32 petition on March 12, 1993, claiming that the municipal court for the City of Brewton did not have jurisdiction over either the defendant or the offense, as the offense was described on the Uniform Traffic Ticket and Complaint given to him at the scene. Because the Rule 32 petition alleges that the trial court did not have jurisdiction over the appellant, the two-year limitations period does not apply in this case. Rule 32.2(c), A.R.Crim.P.
The U.T.T.C. charges that Thomas Leon Garner was unlawfully operating a motor vehicle on Highway 31 in Brewton, in Escam-bia County. The police officer who issued the U.T.T.C. had marked a check in the box indicating that the offense occurred in the county and not in the city. The U.T.T.C. also indicated that the offense was a violation of § 32-5-170, Code of Alabama 1975. The officer had marked a check in the box indicating that a state law had been violated; he had not placed a cheek in the box indicating that a municipal ordinance had been violated. Section 32-5-170 was repealed in 1980 and was replaced by § 32-5A-191. When Garner committed the offense of driving while under the influence of alcohol, the statute under which he was charged had been repealed for six years.
The U.T.T.C. was signed by Dewayne King, the officer who issued the ticket, and by Peter Diurno, magistrate of the municipal court of the City of Brewton. At the bottom of the U.T.T.C. form, in a section labeled “Description of Offense,” the issuing officer noted that Garner had been driving while under the influence of alcohol and that he had a blood alcohol level of .232.
Garner contends that the municipal court for the City of Brewton lacked personal jurisdiction in this matter for several reasons. First, he argues that the charging instrument, i.e., the U.T.T.C., failed to allege that the offense occurred within the police jurisdiction of Brewton. The ticket indicates the offense occurred in Escambia County. Garner also argues that because the ticket does not allege that Garner violated any municipal ordinance, the municipal court is “wholly lacking in jurisdiction.” He also claims that the U.T.T.C. was not sworn to and acknowledged by either a judge or a magistrate before trial.
In Hosmer v. City of Mountain Brook, 507 So.2d 1038 (Ala.Crim.App.1987), the appellant argued that the U.T.T.C. charging her with driving under the influence was fatally defective because her copy failed to specify the violation of a municipal ordinance. The court’s copy had been amended to state the violation of the municipal ordinance that adopted the State’s DUI law. This court held that because there was no objection at *54 trial to the inconsistency between the appellant’s copy of the U.T.T.C. and the court’s copy, the appellant had waived any objections to the form of her copy of the U.T.T.C. “ ‘[A] defendant can waive his right to have an affidavit free from irregularities and can waive his right to have any written statement informing him of the accusation against him, if he does not object to these defects at trial.’ ” 507 So.2d at 1040 (quoting Ex parte City of Dothan, 501 So.2d 1136 (Ala.1986)).
In its written order denying the appellant’s Rule 82 petition in this case, the trial court said the alleged defects in the U.T.T.C. were not objected to before trial. From the record before us, we cannot determine whether Garner objected to the alleged defects at trial, as Hosmer requires. Therefore, we remand this cause to the trial court for a determination of whether Garner properly objected at trial to the alleged defects in the U.T.T.C. The trial court’s written findings should be filed in this court within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On January 13, 1995, on return to remand, the Court of Criminal Appeals dismissed the appeal, by memorandum (two judges dissented, with an opinion). On May 5, 1995, the court withdrew the judgment, memorandum, and dissenting opinion of January 13, 1995; affirmed by an unpublished memorandum; and overruled the application for rehearing.